# State *v.* Ide Cotton Mills.

## *Tax Proceeding.*

(Decided January 18, 1912. 57 South. 481.)

1. *Taxation; Assessment; Right of State to Appeal.*—Section 2252. Code 1907, was repealed by Acts 1911, p. 159, and hence, the state cannot appeal from an order of the Commissioner's Court fixing the value of property for taxation.

2. *Same; Legislative Power.*—The legislature has power to authorize an appeal by taxpayers from assessments of their property for taxation, and to deny right of appeal to the state.

· APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Proceedings to raise the taxes and fix the value of the property of the Ide Cotton Mills for taxation. From a judgment of the circuit court dismissing an appeal by the state from an order of the Court of County Commissioners fixing the value of the property, the state appeals. Affirmed.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The state had the right of appeal under section 2252, Code 1907, and the appeal should have been heard by the circuit court.—*State v. Bley,* 162 Ala. 239.

WILLETT & WILLETT, for appellee. The right of appeal as given by section 2252, Code 1907, is denied the state by section 36c, Acts 1911, p. 159, et seq. The legislature has the right to deny to the state the right of appeal, and to grant it to the tax payers.—*Dorman v. The State,* 34 Ala. 215; *State v. Bley,* 162 Ala. 239.

MAYFIELD, J.—The sole question presented for decision by this appeal is whether or not the state, under the existing statutes, can take or prosecute an appeal from an order or decree of the county commissioners' court, fixing the value of property for taxation.

The county tax commissioner for Calhoun county, at the July term of the commissioners' court for that county, reported to the court that the taxes of the Ide Cotton Mills were assessed on $260,000 valuation, and recommended a raise of the assessed value to the amount of $411,000. The taxpayer, being cited, appeared, and the hearing was continued by the court until September 4, 1911, when a hearing was had and a "judgment ren-

dered, fixing the value at $260,000;" the court thus declining to make any raise in the assessment.

On the same date (September 4, 1911), the state of Alabama applied for and obtained an appeal to the circuit court of Calhoun county. This appeal to the circuit court came on for hearing on the 4th day of November, 1911, and the taxpayer, the appellee, moved to dismiss the appeal, which motion was granted and the appeal dismissed by the circuit court and from that judgment of dismissal the state takes this appeal.

Under the statutes as they appear in the Code of 1907, there is no doubt that both the state and the taxpayer are given the right of appeal from an assessment by the court of county commissioners to the circuit court, or a court of like jurisdiction. The statutes expressly so provide. Section 2252 of the Code reads as follows: "2252. Appeals.—Tax commissioners and tax-payers may appeal within thirty days to the circuit court, or court of like jurisdiction, from the order of the board." This section, however, is a mere codification of a part of an act amending the general revenue bill of 1903. This section, as thus written, was construed to this effect in the case of *State v. Bley*, 162 Ala. 239, 50 South. 263.

It is a matter of common knowledge that a new revenue bill, and more or less amendments thereto, are passed at nearly every session of the Legislature. As has been more than once remarked by this court, it is to be regretted that it seems impossible to maintain any permanency in the revenue and tax laws of the state. When they have been codified, they have in nearly every instance been materially changed before the Code could be printed.

The last general revision of the revenue laws was by act of March 31, 1911 (Acts 1911, pp. 159-191). A

large part of this act dealt with the same subject of taxation and assessments which was theretofore regulated by article 10 of chapter 45 of the Code, which particular article relates to the "Tax Commissioner," which is under the chapter "Taxation." Section 2252 of the Code, above quoted, was a part of that article and chapter so revised by the general revenue bill of 1911. The part of the last act, relating to appeals in cases like the one under consideration, reads as follows: "36C. From any final assessment of tangible or intangible property for taxes, fixed by any officers, board or tribunal charged with the duty of assessing tangible or intangible property for taxes, or with the duty of revising or reviewing assessments of property for taxes, *the owner* in case the property lies entirely within one county, may appeal to the circuit court or any court of like jurisdiction in which the property lies, and in case the property lies in more than one county, *the owner* may appeal to the circuit court or any other court of like jurisdiction in any county in which any of the property lies. All such appeals may be taken within thirty days after the date of the assessment or after the date of the final decision of the officer, board or tribunal. * * * From the judgment of the trial court, *either* party may appeal to the Supreme Court within thirty days from the rendition of the judgment."

It thus appears that section 2252 of the Code was repealed or substituted by the above-quoted provision. It also appears that no appeal is now authorized, by the state or by its agencies, from orders and judgments of courts of county commissioners as to assessments; but that an appeal from such orders or judgments is allowed to the tax-payer. It further appears, however, that an appeal is allowed to both parties to the Supreme Court from judgments or orders in the circuit

courts in such tax proceedings. It follows that the state's appeal to this court was not authorized, and that the circuit court properly dismissed it, on motion.

The right of appeal in such proceedings is a right conferred by statute, and must be exercised in the mode and within the time prescribed by the statute. It is perfectly competent for the Legislature to authorize an appeal by the taxpayer and to deny the right to the state. The right of appeal is denied to the state, but allowed to the citizen, in most all criminal proceedings and in some quasi criminal proceedings; and we know of no reason which will prevent the Legislature from allowing it to one party and denying it to another, in a proceeding like this.

The original act of 1903 (Acts 1903, § 1, p. 195), out of which section 2252 of the Code was made, authorized an appeal or review from the assessment by the state, but not by the taxpayer, and it was, on account of this discrimination and of other objections, assailed by a taxpayer, Bley. This court in that case (*State v. Bley,* 162 Ala. 239, 50 South. 263) held that the statute was valid, notwithstanding it allowed an appeal to the state, or to its agencies, but denied such appeal to the taxpayer.

The effect of the codification was to authorize the appeal by both parties; but the subsequent Legislature of 1911 saw fit to change it by allowing the taxpayer to appeal from the orders or judgments in the commissioners' courts, and denying, by failure to provide, an appeal therefrom by the state. The wisdom or the policy of these various changes, allowing the right of appeal to one party and denying it to the other, is a question for the consideration of the Legislature, and not one for the courts.

This change of the law having been wrought by a change of the revenue laws of the state, and by the passage of the general revenue bill, it is therefore relieved of some questions which might otherwise arise as to the sufficiency of the title of the bill to authorize this particular provision. This for the reason that "general revenue bills" are excepted from the operation of section 45 of the Constitution, touching the requirements as to the titles of bills.

It follows that the trial court properly dismissed the appeal, and its action in so doing is hereby affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.