159 So.2d 849

R. C. DENSON, Chairman, et al.

v.

FIRST NATIONAL BANK OF BIRMINGHAM, Trustee.

6 Div. 973.

Supreme Court of Alabama.

Jan. 16, 1964.

Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellants.

James & Rutledge, Haleyville, for appellee.

Richmond M. Flowers, Atty. Gen., Wayne H. Weaver, Circuit Solicitor, Haleyville,

MERRILL, Justice.

Appeal from a judgment granting a peremptory writ of mandamus to the Winston County Board of Equalization directing them "to render a final formal decision of the said Board as to its assessment of valuation of Plaintiff's assessment as Trustee of mineral rights on lands in Winston County."

There is little conflict in the material facts. An agent of appellee assessed its mineral interest in lands in Winston County at $48,200, or forty cents per acre, on December 6, 1961. The Board of Equalization notified appellee in April, 1962, that it had raised the valuation to $120,240 (roughly $1.00 per acre). On May 23, 1962, within the time allowed by statute, appellee filed its protest in writing and the protest was heard by the Board on June 6, 1962. The Board did not change its valuation and adjourned on June 8, 1962.

Appellee did not hear from its protest, and its agent, on July 5, 1962, the last day on which an appeal could be taken, inquired of the Tax Assessor of Winston County what the decision had been, and was informed that the Board had not changed or altered the assessment so the decision must have been against appellee. After looking over the records in the tax assessor's office, appellee's agent filed notice of appeal in the office of the circuit clerk as required by Tit. 51, § 110, Code 1940.

Up to this point, all the steps taken were regular. Section 110 requires all appeals from rulings of the Board to be taken within thirty days and provides that the "taxpayer shall file notice of said appeal with the secretary of the board of equalization (the tax assessor) and with clerk of the circuit court, and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned * * *" etc. But the bond was not filed and approved until July 19, 1962, and the bond shows on its face that it supports an appeal taken from the ruling of June 6, 1962.

On October 10, 1962, appellee filed its petition for mandamus, and after a hearing, the trial court granted the writ. The question for decision there and here was whether there was a final or adequate decision on appellee's protest. The trial court thought there was not and issued the writ. This appeal followed.

 The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time prescribed by the statute. State v. Ide Cotton Mills, 175 Ala. 539, 57 So. 481; Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669; Dowda v. State, 274 Ala. 124, 145 So.2d 830. Here, the appeal bond required by § 110 was not filed within the thirty days, so the appeal was not perfected and the bond filed on July 19 was not in time. We assume that appellee realized this and it then contended that there was no final or formal decision by the Board, and until there was, there was nothing from which to appeal.

Title 51, § 109, Code 1940, provides:

"In cases where objection has been made by any taxpayer, his agent or attorney, as provided herein to the taxable value fixed by the board of equalization, on any property assessed against such taxpayer, and such objections have been overruled by said board, such taxpayer, his agent or attorney, may take an appeal from the action of said board in overruling his objection, to such valuation, to the circuit court of the county in which the taxpayer's property is located."

Appellee insists that its agents could not ascertain that its objections had been overruled by the Board.

The statute does not require that the protesting taxpayer be notified of the decision of the Board of Equalization. Tit. 51, § 107, after providing for the hearing of protests beginning the first Monday in June and continuing for one week, further provides:

" * * * if it is found from the evidence that the valuation theretofore placed was not sixty percent of the reasonable market value of such property, whether more or less, then the said valuation or assessment shall be corrected so that it will show sixty percent of a fair and reasonable market value and such corrected amount shall constitute the assessed value of such property. But if it is found from the evidence that the assessed value placed on the property was sixty percent of a fair and reasonable market value thereof, the said value shall stand as the assessed value of said property, unless an appeal is taken therefrom, as provided by this chapter."

Section 108 reads:

"When the work of hearing objections against values fixed on taxable property shall have been completed by the board of equalization, the tax assessor shall enter upon the tax return lists the corrected values, if any changes have been made therein, which changed or altered value shall be the taxable value of the property or properties, unless an appeal is taken as herein provided, or unless otherwise ordered by the department of revenue."

It appears from the undisputed evidence that the Board complied with the statute and that appellee's agent saw and was told by the tax assessor that the Board had made no change in the assessment sheet within the thirty day period allowed for an appeal.

In addition, the records in the tax assessor's office showed an undated entry on the back of the protest sheet filed by appellee as follows:

"The Board Chairman hereby certifies that the above constitutes a true report of the above hearing, and the final assessed value on this property is $120,-240

Signed, R. C. Denson
CHAIRMAN"

The records also showed the minutes of the Board in which it was stated that the Board had completed the year's work, declared all values final and had adjourned on June 8, 1962.

■ We hold that the action and decision of the Board was final, became sufficiently formal when the Board adjourned without changing the amount entered on the assessment sheet, and would have supported an appeal had the appeal been perfected within the statutory period when the notice of appeal was filed.

■ Mandamus will not be granted where petitioner has an adequate remedy by appeal. Ex parte Carroll, 272 Ala. 353, 131 So.2d 676, and cases there cited.

■ The fact that a party has lost the right of appeal by failure to pursue the statutory remedy is not ground for issuing mandamus to compel an annulment of the judgment, Jenkins v. State, 24 Ala.App. 185, 132 So. 437, and mandamus is not available as a substitute for an appeal, Ex parte McElroy, 241 Ala. 554, 4 So.2d 437.

It follows that the trial court erred in granting the peremptory writ of mandamus. The judgment is reversed and one is here rendered dismissing the petition for writ of mandamus.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.