220 So.2d 893

**STATE of Alabama et al.**

v.

**R. A. GOLDEN.**

**7 Div. 727.**

Supreme Court of Alabama.

March 13, 1969.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Herbert I. Burson, Asst. Attys. Gen., for appellant.

Embry & Robinson, Pell City, for appellee.

PER CURIAM.

This is an appeal by the State from a ruling of the Circuit Court of St. Clair County failing to grant motions to dismiss the appeal from a final assessment made by the Board of Equalization of St. Clair County, Alabama, on property owned by R. A. Golden (appellee), for the tax year 1964.

The notice of appeal, dated July 12, 1965, was served on the proper party. A written protest was filed with the Board. A bond for cost was executed in accordance with the provisions of § 110, Title 51, Code 1940. The record reveals that no supersedeas bond was filed. The taxes which are the subject of the controversy herein were not paid until the date of the trial, December 6, 1965, and the taxes so paid were on the basis of the controverted amount of $2,400, rather than the assessment value of the preceding year, or $3,200. The State filed by the Solicitor, prior to the beginning of the trial, three motions to dismiss. We are concerned primarily with the second motion, based upon the alleged failure of the said R. A. Golden to file a supersedeas bond as required by the statute, not having paid the taxes assessed. The motions were considered by the court prior to the selection of a jury and all three motions were overruled. A verdict was returned fixing the assessment of the property at $1,200.

Appeals from such final assessments are authorized by § 109, Title 51, Code 1940. Section 110 outlines a procedure to follow on an appeal, and this reads in part:

"* * * The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with

clerk of the circuit court, and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs and the taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor, within ten days after the appeal is taken. When an appeal is taken the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year before the same becomes delinquent, and upon failure to do so, the court upon motion ex mero motu must dismiss the appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of taxes, payable to the State of Alabama, conditioned to pay all taxes, interest and costs due the state, county or any agency or subdivision thereof, * * *"

On appeal, appellant here assigned seven grounds for error. Assignments of error numbered 5 and 7 are not insisted on by the State. Assignments of error numbered 3, 4 and 6 are related to Assignment number 2, and it is on this assignment which appellant rests its case, being the failure of R. A. Golden to file a supersedeas bond or to pay the tax as assessed for the prior year.

The appellee asserts that it was not the intention of Title 51, § 110, that one appealing under this section should be required to pay taxes on the higher assessment of the preceding year as a condition precedent to bringing his appeal.

In Denson v. First National Bank of Birmingham, 276 Ala. 146, 148, 159 So.2d 849, 850, this court held that a failure to file bond with the circuit court within the period of thirty days was not a compliance with the statute. As there stated by this court:

"The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and with-

in the time prescribed by the statute. State v. Ide Cotton Mills, 175 Ala. 539, 57 So. 481; Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669; Dowda v. State, 274 Ala. 124, 145 So.2d 830. * * *"

In Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669, the taxpayer had appealed to the circuit court from an assessment levied under the Alabama Sales Tax Act, § 752 et seq., Title 51, Code 1940. He had complied with all of the requirements of § 140, Title 51, except that in place of a supersedeas bond or payment of taxes, he filed an "affidavit as to inability to pay taxes and supersedeas bond." The circuit court on motion by the State dismissed the appeal ex mero motu for failure to either pay the tax or file a supersedeas bond as required by Title 51, § 140. In upholding the decision of the lower court, this court stated that the valuation of property was not such an exercise of judicial authority as necessarily involves the right of appeal to judicial tribunals. The right of appeal in such cases is purely statutory. Concessions made to the taxpayer along these lines are concessions of favor, not of right, and their extent rests in legislative discretion, and it is within legislative competency to require the payment of taxes as a condition precedent to an action questioning the amount of taxes due. Citing State v. Ide Cotton Mills, 175 Ala. 539, 57 So. 481, this court affirmed that the right of appeals in these proceedings, being statutory, must be exercised in the mode and within the time prescribed by the statute.

Finally, the wording of the statute is clear, if a taxpayer is dissatisfied with the assessment made by the County Board of Equalization, as a condition to taking his appeal he must either file a supersedeas bond or pay the taxes due as fixed for assessment for the preceding year. Such tax should be paid "when the appeal is taken" unless when or "at the time of taking of the appeal" the taxpayer has filed a supersedeas bond. A reasonable construction of the statute is to require the payment of taxes in order to perfect the appeal and the taxes should have been paid at the time of taking the appeal. The right of appeal in such a case, as has been shown, is statutory and therefore the provisions of the statute must be complied with. Here the appellee was required by § 110, Title 51, as a condition to appeal to pay taxes on the 1964 assessment of $3,200. For his failure to do so or to file a supersedeas bond, the circuit court should have dismissed the appeal on motion.

The foregoing opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.