WRIGHT, Presiding Judge.
Taxpayer appeals from an order by the Circuit Court of Jefferson County dismissing his appeal to that court of a final assessment for sales taxes. We affirm.
*72 In October 1979, the Alabama Department of Revenue made an assessment against taxpayer for sales taxes due of $15,-087.58 including penalty and interest thereon. Taxpayer appeared at the hearing provided by law and protested the assessment. From this hearing it was determined the amount due should be corrected. On January 9, 1980, the assessment was made final in the amount of $14,955.51. On February 4, 1980, taxpayer filed notice of appeal in the circuit court pursuant to § 40-2-22, Code of Alabama (1975). Section 40-2-22 provides taxpayers a procedure for appeal from a final assessment of sales tax. The statute provides:
If any taxpayer against whom an assessment is made by the department of revenue ... is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment ... to the circuit court of the county in which the taxpayer resides. The taxpayer shall pay the assessment so made before the same shall become delinquent; and, if such taxes are not paid before the same becomes delinquent, the court shall upon motion ex mero motu dismiss such appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond ... in double the amount of the taxes payable to the state of Alabama ....
Taxpayer failed to pay the assessment before it became delinquent. He mailed notice of appeal to the Secretary of the Alabama Department of Revenue along with an attached affidavit that he had been “unable to find anybody to make a superse-deas bond which would be acceptable to the Circuit Court Clerk.” A supersedeas bond marked “Rejected” by the circuit clerk was also attached.
On February 13,1980, the State moved to dismiss the appeal on the grounds that the assessment had not been paid and no super-sedeas bond had been executed as required by the statute. The motion was granted at a hearing on March 13, 1980. On April 10 taxpayer appealed to the Alabama Supreme Court. The case was properly transferred to this court.
There is only one issue facing us in this case. That issue is whether § 40-2-22 is unconstitutional in that it requires the payment of assessment or the execution of supersedeas bond before an effective appeal may be had.
Title 51, § 140, Code of Alabama (1940) (Recomp.1958) (Supp.1973) is the predecessor to § 40-2-22. The appellate courts of this state have, in numerous cases and against varying attacks, continuously upheld the validity of the statute.
Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669 (1949) is the cornerstone case upon which the constitutionality of the statute rests. In that case the Alabama Supreme Court was presented with facts almost identical to those presently under scrutiny. The taxpayer had filed an appeal with the circuit court of his county of residence and the Secretary of the Department of Revenue. He attached a document entitled “Affidavit as to inability to pay taxes and supersedeas bond.” The State filed a motion to dismiss which was overruled by the circuit judge. The State then sought a writ of mandamus compelling the judge to dismiss the appeal.
It was insisted in that case, as it is here, that the requirement of payment of the assessment or posting of the bond as a prerequisite to review was in violation of Ala.Const. art. 1, §§ 10 and 13 and the due process and equal protection clauses of the fourteenth amendment to the U.S. Constitution. The Alabama Supreme Court held that the forerunner to § 40-2-22 did not violate these constitutional provisions.
The court upheld Title 51, § 140 again, this time affirming the trial court’s granting of the State’s motion to dismiss, against a similar attack in Howell v. State, 282 Ala. 464, 213 So.2d 199 (1968).
The right of appeal in tax proceedings is purely statutory and any concessions to the taxpayer in the nature of an appeal are concessions of favor. There is no inherent right to an appeal in these cases. State v. Golden, 283 Ala. 706, 220 So.2d 893 (1969).
*73 The extent of as well as the procedure used to perfect an appeal under § 40-2-22 is a matter of legislative discretion, and it is within legislative competency to require the payment of taxes or the execution of a bond as a condition precedent to an action questioning the amount of taxes due. State v. Golden, supra; Ex parte State ex rel. Attorney General, supra.
Section 40-2-22 is neutral on it face and in its application. The court affirms the constitutionality of the statute and the dismissal by the circuit court based on the cases cited above.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.