BRADLEY, Judge.
This is an ad valorem tax case.
On June 29, 1979 the Baldwin County Board of Equalization met and considered *29 the protest of International Paper Company to the valuation, inclusion, and exclusion of property in its ad valorem tax assessment. The Board fixed the values of all the property of International Paper Company on that date and incorporated those values in its June 29, 1979 report. The tax assessor of Baldwin County, Ina Becker, sent a tax bill to International Paper which did not incorporate the values placed on the property by the Board. However, a revised tax bill was sent to International Paper which did incorporate the property and its value set out in the Board’s June 29, 1979 report. International objected to this revised bill claiming some of the parcels were incorrect, some personal property was tax exempt, and certain improvements should be Class III property rather than Class II property. The personal property includes tractors, tree planters, discs, drum choppers, bush combines, skidders, road graders, boats, and power crawlers. The improvements consist of storage buildings for equipment used in the forest operations, offices in woodyards where the foreman scales wood, and offices where personnel meet to receive job assignments.
International Paper was not satisfied with the Board’s June 29,1979 report and it requested the Board to meet again and make changes in its June 29 report, so as to correct what International Paper deemed to be errors in the report. On November 14, 1979 the Board met again and issued an amended 1979 report. The changes included changing valuation of property, inclusion of property, and changes in what was included. Mr. Taylor, a Board member, testified that no new evidence was taken at the meeting and only mistakes were corrected. Neither the tax assessor, the department of revenue, the county commission, nor the reappraisal contractor in Baldwin County, H. L. Yoh Company, were notified of the November 14 meeting, nor did any of them attend it. The 1979 tax year was the first year in which Baldwin County reappraised property values mandated by the federal courts in Weissinger v. Boswell, 330 F.Supp. 615 (M.D.Ala.1971) and § 40-7-60 et seq., Code of Alabama 1975.
The tax assessor refused to accept the Board’s amended report dated November 14, 1979 because she said the Board had no authority to meet on November 14, 1979 and change its June 29, 1979 report previously sent to her. International Paper then filed a petition for writ of mandamus in the Circuit Court of Baldwin County on December 2,1979 seeking to compel the tax assessor and tax collector to make certain changes in their 1979 tax bill. An alternative writ of mandamus was issued to these two officers on December 3, 1979 directing them to make the requested changes. The tax assessor filed an answer to the petition on December 31, 1979 and a hearing was had on January 23, 1980 but the case was continued to give the parties an opportunity to work out their differences. An amended answer was then filed by the assessor on March 27, 1980. A preemptory writ of mandamus was issued by the trial court on April 4, 1980, ordering the tax assessor to make the requested changes in the tax assessments of International Paper. The appeal comes from this order.
The dispositive issue presented by this appeal is whether the tax assessor can be required to accept an amended report from the Board of Equalization adopted on November 14,1979 when the Board had adopted and forwarded to the tax assessor a report on June 29, 1979 and then officially adjourned on August 31, 1979.
Section 40-3-19, Code of Alabama 1975 sets out the time period within which the county boards of equalization will hear objections by taxpayers to valuations or assessments of property made by the tax assessor. In no event shall this period extend beyond the second Monday in July, unless extended by order of the department of revenue. The valuations and assessments placed on the various parcels of property by the board of equalization shall stand, “unless an appeal is taken therefrom as provided by this chapter.” § 40-3-19.
The Board met during the time prescribed by § 40-3-19 and made a report of its actions on June 29, 1979. This report *30 was sent to the tax assessor, and from it she prepared the tax bills which were then sent to the taxpayer. Taxpayer refused to pay the tax bills.
Instead of taking its objections to the tax bills to the circuit court as authorized by §§ 40-3-24, -25, Code of Alabama 1975, the taxpayer went back the Board of Equalization on November 14,1979 where it presented objections to thirteen parcels of property. The Board made the requested changes in the valuations of the thirteen parcels and sent its amended report to the assessor on that same day. The tax assessor refused to accept and implement the amended report.
The State contends that the Board was without authority to meet and make the requested changes in International Paper’s tax bills on November 14, 1979. It further says that if the Board was without authority to make the changes on November 14, 1979, a fortiori, the tax assessor had no authority to accept the amended report and make the requested changes in the June 29, 1979 report. We agree.
A taxpayer aggrieved by the action of the board of equalization has the right to appeal to the circuit court for a trial de novo before the court and a jury. §§ 40-3-24, -25, Code of Alabama 1975. The appeal to the circuit court must be filed within thirty days after the final decision fixing the assessed valuation. § 40-3-25, Code of Alabama 1975.
In the instant case the Board made its report to the tax assessor relating to taxpayer’s assessments on June 29, 1979 but did not officially adjourn until August 31, 1979.
It would appear from the statute, /. e. § 40-3-25, that taxpayer’s time for taking an appeal started to run from June 29,1979, the date of the final decision on its assessments. However, should it be contended that the Board could have changed its mind and fixed new assessments, we note that the Board notified the department of revenue in writing that it had completed its work within the time prescribed and had adjourned. This letter was written on August 31, 1979. Furthermore, there is no evidence in the record that the department of revenue authorized the Board to extend its time for hearing protests to tax assessments. Consequently, we hold that the actions and decisions of the Board became final no later than August 31, 1979, when the Board formally adjourned. Denson v. First National Bank of Birmingham, 276 Ala. 146, 159 So.2d 849 (1964). The August 31, 1979 adjournment would have started the taxpayer’s thirty day appeal time running but no appeal was taken to the circuit court. Instead of taking an appeal from the Board’s action, taxpayer sought and obtained from the Board on November 14, 1979 an amended assessment on thirteen parcels of property. Appeal to the circuit court was the proper review procedure for the taxpayer, for the Board had lost its authority to take any further action in regard to taxpayer’s assessments. The statute clearly provides that the Board cannot act beyond the statutory period unless authorized by the department of revenue. The department gave no such authorization. Consequently, the action of the Board on November 14,1979 was beyond its authority and its amended report was invalid and of no effect. Since the Board’s November 14, 1979 report was invalid, the tax assessor could not be legally required to implement it. § 40-3-21, Code of Alabama 1975.
A writ of mandamus will not be awarded where the petitioner therefor has an adequate remedy by appeal. Denson v. First National Bank of Birmingham, supra. In the case at bar taxpayer could have appealed to the circuit court within thirty days of the Board’s final action but it did not do so. The failure of the taxpayer here to pursue its statutory remedy does not authorize the issuance to it of a writ of mandamus. Denson v. First National Bank of Birmingham. To hold otherwise would allow the taxpayer to obtain the same relief that it could possibly have had by the statutory appeal procedure. This is not permitted. Mandamus is not available as a substitute for an appeal. Denson v. First National Bank of Birmingham.
*31 It follows that the trial court committed error when it issued the peremptory writ of mandamus to the tax assessor requiring her to accept and implement the results of the Board’s November 14, 1979 meeting. The judgment of the trial court is reversed and the cause remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.