Taxpayers appeal from an order of the Mobile County Circuit Court dismissing their appeal to that court from final assessments for income taxes.
In November 1979, the Alabama Department of Revenue entered two final assessments for income taxes, for the years 1977 and 1978, against taxpayers Mitchell and Delores Valentine. Taxpayers filed appeal from the assessments with the circuit court, such appeal provided by § 40-2-22, Code 1975. That code section provides as follows:
 If any taxpayer against whom an assessment is made by the department of revenue . . . is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment . . . to the circuit court of the county in which the taxpayer resides. . . .
Continuing, the statute provides as a prerequisite to such appeal that,
 The taxpayer shall pay the assessment so made before the same shall become delinquent; and, if such taxes are not paid before the same becomes delinquent, the court shall upon motion ex mero motu dismiss such appeal unless at the time of taking the appeal the taxpayer has executed a supersedeas bond . . . in double the amount of the taxes payable to the state of Alabama, conditioned to pay all taxes, interest and costs due the state. . . . (Emphasis added.)
Thus, under the statute, before the taxpayer may appeal from final assessment he must either, (1) pay the assessment before the same shall become delinquent, or (2) at the time of taking appeal, execute a supersedeas *Page 272 
bond in double the amount payable, conditioned to pay all taxes, interest and costs due the state.
No supersedeas bond was executed when taxpayers appealed in December 1979. The total assessments against taxpayers totalled $1,372.04, including $878.97 in taxes and $493.97 in penalties and interest thereon. In April 1980, taxpayers deposited $878.97 with the clerk of the circuit court, protesting any requirement that amounts in excess of the actual taxes, i.e., penalties and interest, be paid in order to perfect appeal as required under § 40-2-22. Specifically, taxpayers claimed that the requirements of the statute unconstitutionally deprived them of their property without due process of law.
The Department of Revenue filed a motion to dismiss taxpayers' appeal to the circuit court on the grounds that they had failed to perfect appeal under § 40-2-22. The Department's motion was granted and taxpayers appealed to this court.
Taxpayers claim that the payment of $878.97, the amount of taxes owed as part of the final assessment, complied with statutory prerequisites to appeal under § 40-2-22 and, alternatively, that if such payment failed to so comply, the requirements under the statute are unconstitutional.
Addressing appellants' first argument, we find compliance with requirements for appeal lacking. First, no supersedeas bond was filed. Second, the requirement that "the taxpayer shall pay the assessment so made before the same shall become delinquent" was not met. Final assessment was for $1,372.04, including taxes, penalties and interest thereon. Appellant paid $878.97 into court, the amount of actual tax made part of the assessment. Appellants claim the payment in that amount was sufficient to perfect appeal.
The statute requires that the assessment, made by the Department, shall be paid before it becomes delinquent. Appellants cite the clause following, "and, if such taxes are not paid . . . the court shall . . . dismiss such appeal. . . ." (emphasis added), for the contention that payment of the taxes made part of the assessment is sufficient. We do not agree.
There is no question here as to whether the department may add penalty and interest in making final assessment. See, Statev. Pollock, 251 Ala. 603, 38 So.2d 870 (1948). Section 40-2-22
affirmatively requires payment of assessment to perfect appeal. Use of the term "taxes" in the clause following may be and in this case is synonymous with "assessment." The term's use is only indicative that in many instances the "assessment" and "taxes" are the same amount, as in cases where no delinquency is involved. See, State Dept. of Revenue v. Birmingham RealtyCo., 255 Ala. 269, 50 So.2d 760 (1951); See, State v. Pollock,supra, 38 So.2d at 876. Section 40-2-22 is an all inclusive appeal statute. It applies to any final assessment made by the Department of Revenue including ad valorem tax as well as income or any other tax administered by the department. In the instant case, penalty and interest were imposed as part of the assessment for failure to pay taxes in previous years. In similar cases, penalties and interest are often held to be as much a part of the "tax" as the principal amount itself. See,Crouch v. C.I.R., 447 F. Supp. 385 (D.Cal. 1978); In reKnox-Powell-Stockton Co., 100 F.2d 979 (9th Cir. 1939);Blackmon v. Scaven, 231 Ga. 307, 201 S.E.2d 474 (1973);Hamilton v. Lawrence, 109 Pa. Super. 344, 167 A. 509 (1933). We find no merit in appellants' argument that payment of the actual tax due, part of the assessment, is sufficient to perfect appeal. However, assuming the same was sufficient, appellants still did not meet the requirements to perfect appeal in this case.
The statute requires that payment be made "before delinquent." Appellants paid the money into court in April 1980, some four months after filing appeal in December 1979. We are aware, as appellants have pointed out, that § 40-2-22 does not speak directly to the question of when such delinquency occurs after final assessment. When presented a similar problem *Page 273 
as to interpretation of the statute[1] in State v. Golden,283 Ala. 706, 220 So.2d 893 (1969), our supreme court, per curiam, held that a reasonable construction of the statute is to require that payment should be made at the time of taking the appeal. State v. Golden, supra at 895. This seems particularly reasonable considering taxpayers' other option of filing supersedeas bond at the time of taking appeal. Thus, appellants' payment into court some four months after filing appeal, whether or not sufficient in amount, was clearly delinquent and did not meet the requirements of § 40-2-22. The assessment clearly becomes delinquent thereunder if not paid within the thirty days following final assessment allowed for appeal therefrom.
Appellants' other argument, that the requirements of §40-2-22 unconstitutionally deprive them of their property without due process of law, is not well taken. We addressed similar arguments recently in McLendon v. State Dept. ofRevenue, 395 So.2d 71 (Ala.Civ.App. 1980), cert. denied,395 So.2d 73 (Ala. 1981). We upheld the validity of the statute then and are not persuaded to do otherwise now.
The right of appeal, as well as the procedure used to perfect such appeal in tax proceedings, is purely statutory, a matter of legislative discretion and involves no inherent right of the taxpayer. McLendon v. State Dept. of Revenue, supra. After giving due consideration to the able arguments of the pro se appellants on this issue, we find § 40-2-22 to be constitutionally sound.
The judgment of the circuit court, dismissing appeal, is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] The predecessor to § 40-2-22 was Title 51, § 140, Code of Alabama (1940) (Recomp. 1958) (Supp. 1973).