BRADLEY, Judge.
Harry J. Coughlin, Jr. (appellant) owns land in Jefferson County. The State of Alabama, through the Jefferson County Board of Equalization and Adjustment, reappraised Coughlin’s land from the old market value of $1,870 to the new market value of $13,320.
Mr. Coughlin received notice of the Jefferson County Board of Equalization’s final decision fixing the assessed value of his property on February 16, 1983. On March 15,1983 Coughlin filed a notice of appeal in circuit court from the board’s final decision. In support of his notice of appeal, Coughlin tendered to the clerk of the circuit court a cash bond in the amount of $218.98, which was equal to double the amount of taxes due. Coughlin also requested that the cash be placed in an interest bearing account. The clerk refused to accept the cash bond.
The board of equalization moved that the appeal be dismissed because it had not been perfected in accordance with section 40-3-25, Code 1975. After a hearing the motion to dismiss was granted. Coughlin appealed to the supreme court in accordance with section 40-3-25, Code 1975. The supreme court transferred the case to this court for decision. See Kimberly-Clark Cory. v. Eagerton, 433 So.2d 452 (Ala.1983).
The dispositive issue here is whether the trial court properly dismissed Coughlin’s appeal.
Section 40-3-25, Code 1975, provides in part as follows:
*18 “All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs.... When an appeal is taken, the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year before the same becomes delinquent; and, upon failure to do so, the court upon motion ex mero motu must dismiss the appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of taxes_” (Emphasis added.)
The rule is that the right to appeal in a tax proceeding is a right conferred by statute and must be exercised in the manner and within the time required by the statute. Denson v. First National Bank of Birmingham, 276 Ala. 146, 159 So.2d 849 (1964).
An appeal from the decision of the board of equalization to the circuit court is accomplished by the taxpayer filing a notice of appeal within thirty days of the board’s final decision and paying the taxes due for the preceding tax year before they become delinquent. Upon the failure to pay the taxes, the circuit court must dismiss the appeal unless at the time of taking the appeal the taxpayer has executed a super-sedeas bond with sufficient sureties to be approved by the circuit court in double the amount of taxes due. § 40-3-25, Code 1975; State v. Golden, 283 Ala. 706, 220 So.2d 893 (1969).
At the time Coughlin filed notice of appeal from the Board’s final decision, he had not paid the taxes due and he did not file a supersedeas bond in double the amount of taxes due. The failure by Coughlin to comply with section 40-3-25, Code 1975, mandated a dismissal of his appeal by the circuit court. State v. Golden, supra.
Coughlin attempted to post a cash bond in double the amount of the taxes due with a caveat that the clerk deposit the money in an interest bearing account. The clerk refused to accept the bond offered by the taxpayer. Since the bond tendered by the taxpayer did-not meet the requirements of section 40-3-25, the clerk properly refused to accept the bond.
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.