BEATTY, Justice.
This is an appeal by plaintiffs, Poole Furniture Manufacturing Company, Inc., and Ben Poole (hereinafter both shall be referred to as “Poole”), from a judgment for the defendant, State of Alabama Department of Industrial Relations, in Poole’s action under Code of 1975, § 25-4-54(h), challenging the employer’s contribution rate applied to Poole by the defendant. We affirm.
The cause grew out of the purchase by Poole of the assets of a bankrupt company, Ajax Industries. Ajax was a furniture manufacturer. Following the purchase, Poole continued furniture-making operations in the building formerly occupied by Ajax, utilizing as the majority of its hourly employees former employees of Ajax.
*693 The Department of Industrial Relations classified the Poole company as a “successor employer” of Ajax, see Code of 1975, § 25-4-8(a)(4)a., and fixed its unemployment compensation tax rate at 4.7%, instead of the 2.7% tax rate applicable to new employers. Poole paid only the 2.7% rate. The Department’s action was challenged by Poole in the trial court.
The defendants moved in the trial court to dismiss Poole’s action on the ground that the statute allowing court review required that the employer, as a condition precedent, make the payments fixed by the determination to be reviewed. After taking the cause under advisement, the trial court decreed for the defendant and dismissed the action. Poole appealed.
It is established in the record that the Department of Industrial Relations first made the administrative determination of the 4.7% rate applicable to Poole as a successor employer on October 21, 1983. Since that time, Poole has not paid the assigned rate.
The statute authorizing an appeal from such an administrative decision is Code of 1975, § 25-4-134(b)(3):
“a. Whenever any employer who has duly appeared and protested an assessment by the director is dissatisfied with the assessment as finally made, he may appeal as provided in this section .... ”
“b. If an employer against whom an assessment is made by the director is dissatisfied with the final assessment as fixed by the director and duly protests the fixing of the same, he may appeal from said final assessment to the circuit court of Montgomery county, or to the circuit court of the county in which the employer resides or has his principal place of business, if the employer has within the state a permanent residence, at the option of the employer, by filing notice of appeal with the director and with the register of the circuit court of the county to which appeal shall be taken, within 30 days of the date of the final assessment made and entered on the minutes of the department, and in addition thereto by giving bond conditioned to pay all costs, to be filed with and approved by the register or clerk of the court to which the appeal shall be taken. The employer shall pay the assessment so made before the appeal is filed, or the court shall upon motion dismiss such appeal, unless at the time of taking the appeal the employer has executed a supersedeas bond with sufficient sureties to be approved by the register or clerk of the court to which the appeal shall be taken in double the amount of contributions, interest and penalties, payable to the director, conditioned to pay all contributions, interest, penalties and costs found to be due to the department of industrial rela-tions_” (Emphasis added.)
The record affirmatively discloses that Poole did not pay the assessment as provided, or execute a supersedeas bond in double the amount of contributions, upon appeal to circuit court. Thus, under the clear mandate of the statute allowing such an appeal, appeal being statutory, the circuit court had no alternative to dismissal of the appeal. See Moore v. State Dept. of Revenue, 447 So.2d 744 (Ala.Civ.App.1983), cert. denied, 447 So.2d 747 (Ala.1984); James v. Mac Del Health Care, Inc., 428 So.2d 48 (Ala.Civ.App.1982); Valentine v. State, 403 So.2d 270 (Ala.Civ.App.1981).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.