PITTMAN, Judge.
James R. Blackston appeals from a judgment of the Walker Circuit Court that dismissed his appeal to that court from the decision of the Walker County Board of Equalization (“the Board”) denying Black-ston an opportunity to protest the Board’s 2008 valuation of certain real property Blackston owned. We reverse and remand.
The record discloses that at all times pertinent to this appeal Blackston owned a parcel of improved real property in Walker County. On June 24, 2008, the Board mailed Blackston a notice showing the assessor’s valuation of Blackston’s property and the ad valorem tax due based on that valuation. Blackston adduced evidence tending to show that he did not receive the mailing until July 25, 2008. Blackston mailed the Board notice of his protest on July 25 or 26, 2008, and the Board mailed Blackston a reply stating that his protest would not be considered on the ground that it was untimely. After further correspondence between Blackston and the Board, Blackston appealed to the Montgomery Circuit Court, naming as defendants various entities and individuals of the State of Alabama. Upon motion by the defendants, the case was transferred to the Walker Circuit Court, the proper venue for this case. See Ala Code 1975 § 40-3-24 (“[the taxpayer] may take an appeal ... to the circuit court of the county in which the taxpayer’s property is located”).
The circuit court held a hearing on the defendants’ motions to dismiss in March 2009, and it entered its judgment in May 2009. The circuit court determined that Blackston’s appeal was due to be dismissed on the ground that it was untimely. The judgment states, “all of [Blackston’s claims] fail, based either on untimeliness or failure to follow the statutory procedure, [or failure] to state a cause of action upon which relief can be granted.”[1] Citing §§ 40-3-25 and 40-7-2, Ala.Code 1975, the circuit court opined that Blackston was required to notify the Board of his protest within 30 days of its June 24, 2008, valuation of his real property; that, given Blackston’s failure to meet that deadline, the valuation became final on July 24, 2008; that Blackston was then required to appeal to the circuit court within 30 days of July 24, 2008; and that, because Black-ston filed his appeal with the circuit court on August 27, 2008, that appeal was also untimely. The circuit court also quoted from Coughlin v. State, 455 So.2d 17 (Ala.Civ.App.1983), in which this court stated that “the right to appeal in a tax proceeding is a right conferred by statute and must be exercised in the manner and within the time required by the statute.” 455 So.2d at 18 (citing Denson v. First Nat’l Bank of Birmingham, 276 Ala. 146, 159 So.2d 849 (1964)).
*362 Because the circuit court entered its judgment after considering matters outside the pleadings, we treat this appeal as an appeal from a summary judgment. Rule 12(c), Ala. R. Civ. P. The standard of appellate review of a summary judgment is not deferential; rather, this court applies the same standard as the circuit court in determining whether summary judgment was proper. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The entry of a summary judgment requires satisfaction of a two-part test: a showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When a question presented on appeal is one of law, no presumption of correctness is afforded to the trial court’s judgment, and an appellate court reviews such questions de novo. Moss v. Williams, 822 So.2d 392, 394 (Ala.2001).
We conclude that the parties and the circuit court misconstrued the statutes that govern Blackston’s protest. Black-ston, the defendants, and the circuit court all referred to § 40-7-25 as fixing the period within which Blackston was to notify the Board of his protest — that statute affords “30 calendar days of the date of the statement” in which to protest (emphasis added). The “statement” referred to in § 40-7-25 is a statement “showing separately the value of [the taxpayer’s] personal property and his or her real property, and improvements thereon.” Id. That statement is required to be produced by the “assessing official” only “[i]n the event the value of ... property ... is increased by the county board of equalization ... over the assessed value thereof for the next preceding year....” Id. (emphasis added). The record discloses that the assessed value of Blackston’s property was the same in 2008 as it was in 2007. Hence, § 40-7-25 does not govern Blackston’s protest.
The circuit court’s reliance on § 40-3-25, captioned “Appeals — Procedure” in the Alabama Code, is likewise misplaced. That section provides that the taxpayer must “appeal” within 30 days of the “final decision of [the] board fixing the assessed valuation as provided in this chapter” (emphasis added). That chapter, Chapter 3 of Title 40, Ala.Code 1975, provides in § 40-3-16 that the Board must interview each protestor who files his or her protest “within time.” That section further provides that, when the interview does not result in an agreement, the Board must hold a hearing to consider the taxpayer’s protest. That process results in a final valuation by the Board, see § 40-3-19, and the whole of Chapter 3 makes it clear that that final valuation is the one from which the taxpayer may appeal under §§ 40-3-24 (“Appeals — Right”) and 40-3-25. Since the Board never considered Blackston’s protest in the manner prescribed by § 40-3-16, the question of the timeliness of Blackston’s appeal to the circuit court under § 40-3-25 from an adverse action of the Board on his valuation protest was never properly raised.
The section that governs Black-ston’s protest is § 40-3-20, Ala.Code 1975. Section 40-3-16 provides that boards of equalization are to review the value of all property returned to or listed with the assessing official each year. Section 40-3-20 provides that upon completion of that review,
“the assessing official shall give notice by publication once a week for two consecutive weeks in a newspaper published in the county. If no newspaper is published in the county, the notices shall be posted in three public places in each precinct of the county. The notices shall state that the assessed valuations of all *363 property listed for taxation have been fixed as provided by law, that the tax return lists showing the assessed valuations are in his or her office and open for public inspection, that the board of equalization will sit at the courthouse of the county on the date specified by the Department of Revenue to consider any protests that may be filed by any taxpayer as herein provided, and that any taxpayer, who is not satisfied with the valuations of his or her property as fixed and entered on the return lists as required herein, may file objections in writing to the assessed valuations with the secretary of the board, within 30 calendar days of the date of final publication of the notice.”
Section 40-3-20, then, governs protests to the board by taxpayers whose assessed valuations have not increased over the next preceding year, and it provides that any protests must be filed within 30 calendar days of the assessing official’s final publication of public notice. Under that section, it is incumbent upon each taxpayer to make himself or herself aware of the date of the notice. Section 40-7-25, whose applicability is limited by its terms to taxpayers whose property assessments increase over the next preceding year, places an additional burden on the assessing official — that official must provide those taxpayers with a statement detailing the assessment — and those taxpayers then have 30 days from the date of that statement to file a protest.
The record in this case contains no evidence, and suggests that none was adduced in the circuit court, tending to show when or whether the Board met its burden under § 40-3-20 of providing public notice of the completion of its annual assessment task. It is the final public notice, and not the June 24, 2008, notice mailed to Black-ston — a gesture not required by statute— that began the 30-day period during which protests could properly be filed with the Board. Because Rule 56(c)(3), Ala. R. Civ. P., requires that there be no genuine issue of material fact in order for a summary judgment to be affirmed, and because the record is silent regarding a material fact that may be dispositive of this case, the circuit court’s summary judgment cannot stand.
Blackston makes several other contentions on appeal. The first is that he has a statutory right to reopen the assessment of his property at any time before the taxes become delinquent under Ala. Code 1975, § 40-7-25. That statute, however, applies only to taxpayers whose taxes have increased in the year in which the taxpayer files a protest; hence, that statute does not apply to this case, and Black-ston does not have the right to reopen the 2008 assessment of the subject property.
Blackston’s next contention is that he has been denied constitutional due process — notice and an opportunity to be heard — by his allegedly late receipt of his tax notice and the subsequent denial of a hearing of his protest. As discussed above, since Blackston’s tax assessment did not increase in 2008, the statute providing for the written notice upon which Blackston alleges that he relied is not § 40-7-25, as read in conjunction with § 40-3-25, but § 40-3-20, which expressly provides for notice to all taxpayers by publication and an opportunity to be heard when taxpayers file .notices in a timely fashion — i.e., within 30 days from the last date of public notice. Blackston’s constitutional argument, because it is made in reliance on a statute that does not apply to this case, therefore lacks merit.
Blackston then contends that the Board failed to abide by the procedural requisites of § 40-3-16, which lays out the procedures that boards of equalization must ob *364 serve when tax protests are filed in a timely manner. Blackston’s arguments in support of this contention again rely on § 40-7-25, which does not apply to this case. The relevance of § 40-3-16 cannot be determined by this court at this time; it can be established only once it is determined by the circuit court whether Black-ston’s protest was timely under § 40-3-20.
Blackston finishes by alleging that various of his rights under the United States Constitution were violated by the circuit court’s refusal to grant Blackston personal access to the Alabama Judicial System’s E-Filing Web site, which allows the filing of court documents over the Internet. Blackston alleges that the constitutional violations derive from the fact that licensed attorneys are allowed access to that system, while pro se litigants are not. This contention lacks merit on multiple grounds. First, Blackston alleges that the circuit court denied his motion to be allowed to participate in Alabama’s electronic-filing system in open court in March 2009, but there is no transcript of that hearing in the record, nor did Blackston file a statement of the proceedings pursuant to Rule 10(d), Ala. R.App. P. It is the appellant’s responsibility to ensure that the record on appeal is sufficient to support the issues raised on appeal. State v. Robinson, 510 So.2d 834, 835 (Ala.Civ.App.1987). Second, during all times pertinent to these proceedings, pro se litigants have been allowed by Alabama’s electronic-filing system to file online, beginning with the institution of the first pilot project launching the system in 2005; Blackston could have participated online himself without permission from the circuit court, which fact disposes of all Blackston’s constitutional arguments supporting his contention that he should be allowed to participate in the electronic-filing process. Third, if in fact the circuit court did err in denying Blackston permission to use the judicial system’s electronic-filing system, Black-ston fails in his appellate brief to demonstrate that his substantive rights were prejudiced in any way by the error so as to warrant reversal. See Rule 45, Ala. R.App. P.
Because we hold that the circuit court erred in dismissing Blackston’s appeal as untimely based on §§ 40-3-25 and 40-7-25, Ala.Code 1975, and not based on the potential applicability of § 40-3-20, and because the threshold factual question whether that- refusal was proper remains to be determined under § 40-3-20, we reverse the circuit court’s judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. Blackston’s complaint alleged various statutory, constitutional, and other causes of action against numerous defendant.