MOORE, Chief Justice.
Gerri Beth Rogers appeals from an order of the Madison County Probate Court removing her as the personal representative of the estate of Ilse Martha Nagel. Sigrid Hansen, the appellee, argues that Rogers’s appeal is due to be dismissed because Rogers failed to post bond as required by § 12-22-24, Ala.Code 1975. For the reasons stated herein, we agree with Hansen and we dismiss the appeal.
Ilse Martha Nagel passed away on January 27, 2012. On June 28, 2012, Rogers, who was not related to Nagel, filed in the Madison County Probate Court a petition to probate Nagel’s will, which was self-proving and which named Rogers as personal representative. Rogers was also named a beneficiary in Nagel’s will. On July 5, 2012, the probate court granted Rogers’s petition, appointed her personal representative of Nagel’s estate, and issued her letters testamentary. On January 11, 2013, Rogers petitioned the probate court for a final settlement of Nagel’s estate. The probate court held a hearing on March 7, 2013, and issued a “Decree on Final Settlement” the following day.
On April 8, 2013, Hansen, who was a relative of Nagel’s, filed in the probate *1109 court a “Verified Motion to Alter, Amend, or Vacate Order, Motion to Strike Final Settlement Pleadings and Order, and Motion to Remove Personal Representative for Misconduct” (hereinafter referred to as “Hansen’s motion”). Hansen alleged that she had newly discovered evidence indicating that Rogers had committed fraud, that Rogers had become a beneficiary through the execution of undue influence,- and that Rogers had committed other misconduct. The probate court denied Hansen’s motion. Hansen appealed the probate court’s order to the Madison Circuit Court, which remanded the cause to the probate court for an evidentiary hearing on Hansen’s motion.
'On June 10, 2014, the probate court held a hearing on Hansen’s motion, at which it heard evidence ore tenus. On July 8, 2014, the probate court issued an order granting Hansen’s motion. Specifically, the probate court found that it had retained jurisdiction to consider Hansen’s motion. The probate court also found that Nagel’s will had been procured through undue influence on Rogers’s part and that Rogers had been negligent, had breached her fiduciary duties, -had committed conversion, and had perpetrated a fraud on the court. The probate court rescinded its previous judgment approving the final settlement, removed Rogers as personal representative of Nagel’s estate, appointed a new personal representative, and enjoined Rogers from wasting or disposing of any assets of the estate. On August 7, 2014, Rogers filed a postjudgment motion, which the probate court denied on October 27, 2014. Rogers, filed a notice of appeal to this Court on December 5, 2014.
Hansen filed a motion to dismiss Rogers’s appeal for failure to post bond as required by § 12-22-24, Ala.Code 1975. Whether an appeal must be dismissed if the appellant fails to post bond under that particular statute is an. issue of first impression for this Court. Section 12-22-24 provides: , -
“(a) No appeal can be taken from any order of the probate court removing an executor or administrator unless the applicant gives either a cash bond or a bond with at least two good and sufficient sureties, payable to the probate judge and in the amount fixed by him, not less than the’ amount of his bond as executor or administrator, conditioned to prosecute the appeal to effect and, until the same is decided, faithfully to discharge his duties as such executor or administrator.
“(b) If such appeal is decided against the appellant, any cash bond posted or part thereof may be ordered forfeited for costs, or, if other than a cash bond was given, execution for costs may issue against him and the sureties on such bond, their names being certified with the record to the appellate court.
“(c) Such bond also stands as security for the faithful discharge of his duties as such executor or administrator, from the time' the same is approved until the ap- ' peal is finally decided.”
It is undisputed that Rogers did not post bond when she filed her notice of appeal to this Court. Rogers did provide security for costs of the appeal. However, as Hansen correctly argues, although giving security for costs is permissible for other appeals under § 12-22-25, Ala.Code 1975,[1] *1110 § 12-22-24 does not permit this Court to take an appeal “from any order of the probate court removing an executor or administrator” unless the appellant provides a bond.
Rogers argues that § 12-22-24 does not apply to this case because, she says, she is not appealing her removal as personal representative of Nagel’s estate but is appealing only the probate court’s finding that it had subject-matter jurisdiction to entertain Hansen’s motion. Rogers contends that Hansen’s motion, even though styled, in part, as a motion to vacate, was in actuality contesting the mil. Rogers therefore, concludes that the probate court lacked subject-matter jurisdiction to consider Hansen’s motion and to remove Rogers as personal representative because Hansen failed to file her will contest in the circuit court within six months after the will was admitted to probate, as required by § 43-8-199, Ala.Code 1975. Thus, Rogers characterizes her appeal only as a challenge to the probate court’s subject-matter' jurisdiction, which, she argues, is an issue that is not waivable and “ ‘may be raised on appeal.’” Flannigan v. Jordan, 871 So.2d 767, 769 (Ala.2003) (quoting Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517 (1967)).
Although Rogers is correct that questions of subject-matter jurisdiction certainly may be raised on appeal without having been preserved below, Rogers overlooks the threshold issue: "Whether her appeal is properly before this Court. “ ‘An appeal is not a vested right, but exists by the grace of statute or a supreme court rule and must be perfected pursuant to the time and manner prescribed therein.’ ” Greystone Close v. Fidelity & Guar. Ins. Co., 664 So.2d 900, 902 (Ala.1995) (quoting Ex parte Thrailkill, 543 So.2d 1201, 1202 (Ala.Civ.App.1989)). Pertinent to this case, § 12-22-24 expressly provides: “No appeal can be taken from any order of the probate court removing an executor or administrator unless the applicant gives either a cash bond or a bond with at least two good and sufficient sureties....” (Emphasis added.) Even if Rogers challenges on appeal only the issue of the probate court’s subject-matter jurisdiction, she is asking this Court to take the appeal “from [the] order of the probate court removing [her as] executor” of the estate. Section 12-22-24 does not allow this Court to do so unless Rogers provides an appropriate bond, which she has failed to do.
Although this Court has not previously construed § 12-22-24, it has held, in other contexts, that failure to post a bond as required by statute can be fatal- to an appeal. In Denson v. First National Bank of Birmingham, 276 Ala. 146, 159 So.2d 849 (1964), the Winston County Board of Equalization (“the Board”) increased the assessed valuation of land in which the First National Bank of Birmingham (“the Bank”) owned mineral rights. The Bank protested, but, after a hearing, the Board decided not to change the valuation. The applicable statute required the Bank to file both a notice of appeal and a bond in the circuit court within 30 days of the final decision of the Board.[2] The Bank *1111 filed a notice of appeal to the Winston Circuit Court within 30 days but did not file the bond until after the 30-day deadline had passed. The Bank prevailed in the circuit court, and the Board appealed. We held that the Bank failed to perfect its appeal because it did not file the bond within 30 days as required by the statute. 276 Ala. at 148, 169 So.2d at 850. This Court reasoned that “[t]he right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time prescribed by the statute.” Id.
Likewise, in Thompson v. Lea, 28 Ala. 453 (1856), an appeal was taken to this Court in 1854. This Court issued an opinion in 1855 but withdrew its opinion on rehearing and ordered that the case be reargued. The appellee then, for the first time, filed a motion to dismiss the appeal, arguing that there was a defect in the appellant’s bond. The statute governing the appeal, § 3041, Ala.Code of 1852, was similar to § 12-22-24 and read as follows: “[N]o appeal can be taken without giving bond to supersede the execution of the judgment or decree, unless the appellant give security for the costs of such an appeal.” 28 Ala. at 456. This Court ultimately denied the- motion- to dismiss because the -appellee had filed-the motion to dismiss too late. 28 Ala. at 458. Nevertheless, Justice Stone, writing the main opinion for the Court, noted:
“The bond or security for costs, required by section 3041 of the Code, was obviously intended to protect parties and the officers of the court, against insolvent litigants. This legislative regulation is binding on us; and whenever the appeal bond or certificate is substantially defective, or entirely wanting, and the fact is in due time brought to our notice, we are bound to respond to the motion, and to repudiate the cause. While adjusting the rights of appellants, we must observe and guard the legal rights of all others interested in the record.”
28 Ala. at 457-58.
Like the appellant in Denson, Rogers failed to timely perfect her appeal by filing the required bond. Moreover, Hansen, the appellee in this case, has timely filed a motion to dismiss, arguing that Rogers did not follow the bond requirement of the statute. The only attempt Rogers makes to save her appeal is to argue that § 12-22-24 is inapplicable because she challenges in this appeal only the probate court’s subject-matter jurisdiction. As explained above, .this Court disagrees. Rogers does not provide any other argument as to why she did not need to post bond. Rogers also does not argue that the bond requirement imposed by § 12-22-24 is merely procedural and not jurisdictional. See generally Lumpkin v. State, 171 So.3d 599 (Ala.2014) (discussing generally the difference between jurisdictional requirements and procedural requirements in statutes that provide a specific procedure for taking an appeal). Moreover, even if we were to assume that her failure to post bond is merely procedural, Rogers still has not cured the defect by posting bond. Thus, under.these circumstances, it appears that we have no choice but to grant Hansen’s motion and dismiss Rogers’s appeal.
APPEAL DISMISSED.
BOLIN, MURDOCK, MAIN, and BRYAN, JJ., concur.

. "In all other cases in which an appeal is taken under the provisions of this division, the appellant, or someone for him, must give security for the costs of such appeal, to be approved by the probate judge or the clerk of the circuit court, as the case may be, and the names of such sureties must be certified with the record to the appellate court, but the filing of security for costs is not a jurisdictional prerequisite. If the ap *1110 pellant fails to prosecute his appeal or the judgment is not reversed - or is entered against him for a less amount than the judgment of the court from which the appeal is taken, execution may issue against him and such sureties for the costs of the appeal”.
§ 12-22-25, Ala.Code 1975 (emphasis added).

. "All appeals from the rulings of the board of equalization fixing value of-property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and *1111 shall file bond to be filed with and approved by the clerk of the circuit court.,.." § 40-3-25, Ala.Code 1975: