### ATLANTIC LUMBER CORPORATION v. SOUTHERN PAC. CO. et al.
### Civil No. 710.

District Court, D. Oregon.
Dec. 23, 1941.

E. K. Marohn, of Seattle, Wash., for plaintiff.

Dey, Hampson & Nelson, R. R. Morris, and Frank McColloch, all of Portland, Or., for defendant Southern Pac. Co.

Carl C. Donaugh, U. S. Atty., and C. Laird McKenna, Asst. U. S. Atty., both of Portland, Or., for the United States.

Allen Crenshaw, of Washington, D. C., for Interstate Commerce Commission.

JAMES ALGER FEE, District Judge.

This action was originally brought against the Southern Pacific Company. The original complaint consisted of one count. The second amended complaint joins as defendants the Southern Pacific Company, the Interstate Commerce Commission and the United States of America, and sets out two claims, separately stated.

The first of these claims seeks recovery of amounts paid to the Southern Pacific Company for the movement of twenty-one cars under schedules of freight rates and demurrage charges alleged to be discriminatory, unreasonable and unjust. The second sets out an order of the Interstate Commerce Commission denying to plaintiff damages for the matters above set out and seeks annulment of the order, together with judgment for the same amount demanded on the first claim.

It is conceded that the second claim must be tried before the statutory three-judge court.

The Southern Pacific Company has filed a motion to dismiss complaint and for summary judgment as to each claim. The United States of America and the Interstate Commerce Commission, respectively, have filed answers in which are motions to dismiss the first and second claims for failure to state sufficient facts to constitute a claim and for lack of jurisdiction and for misjoinder.

■ Where the claims are against the same defendants, certainly, there can be no misjoinder of claims in a civil action.

"The plaintiff in his complaint * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party." Rule 18(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

"A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded." Rule 20(a), Federal Rules of Civil Procedure.

The motions to the whole complaint would be properly denied under this authority, but the court as presently constituted should not pass upon this question. Plaintiff presented no argument as to the validity of the first claim, since he was apparently of the impression that the question of misjoinder was the only one presented.

The Interstate Commerce Commission has requested the convening of a three-judge court, under the provisions of the Urgent Deficiencies Act, 28 U.S.C.A. § 47, to pass upon the questions raised by the second claim.

The court has power to order separate trials to prevent a party from being embarrassed "by the inclusion of a party against whom he asserts no claim and who asserts no claim against him * * *". Rule 20(b), Federal Rules of Civil Procedure. The court may likewise order a separate trial of any claim or of any separate issue. Rule 42(b), Federal Rules of Civil Procedure. Likewise, if any party desires, these issues could be determined by the three-judge court prior to trial. Rule 12(d), Federal Rules of Civil Procedure.

■ The judge will take steps to convene the statutory three-judge court and will arrange to have the second claim set first for hearing before the court so constituted, and will also arrange to have the first claim separately set before the court so constituted immediately after the hearing on the second claim. If the court so constituted declines jurisdiction of the first claim, hearing will immediately proceed before a single District Judge. The application of the decision in Pittsburgh & West Virginia Railway Company v. United States, 281 U.S. 479, 50 S.Ct. 378, 74 L.Ed. 980, may then be considered.

The court as presently constituted does not pass upon any of the questions raised, but directs that all be held for the action of the statutory court in the manner above outlined.