PER CURIAM.
This is an ad valorem tax appeal taken pursuant to Code of 1975, §§ 40-3-24 and -25. Harry J. Coughlin, Jr., petitions this Court seeking relief from the dismissal of his appeal. We affirm.
The facts made the basis of this suit are that land owned by petitioner Harry J. Coughlin, Jr., was reappraised by the State of Alabama through the Jefferson County Board of Equalization. As a result of the reappraisal, the property value increased from an old market value of $1,870 to a new market value of $13,320. Coughlin was informed on February 16, 1983, of the board’s decision on the assessment and of the taxes owed, from which he appealed to the Circuit Court of Jefferson County, Bessemer Division. This case turns on whether in filing his notice of appeal on March 15, 1983, the petitioner complied with the requirements of Code of 1975, § 40-3-25. Respondent, Board of Equalization, filed a motion to dismiss the appeal based on Coughlin’s failure to comply, and, following a hearing on the motion, the appeal was dismissed.
Coughlin filed notice of appeal to this Court pursuant to § 40-3-25. The case was transferred to the Court of Civil Appeals. See, Kimberly-Clark Corp. v. Eagerton, 433 So.2d 452 (Ala.1983). On November 16, 1983, 455 So.2d 17, the Court of Civil Appeals affirmed the trial court’s dismissal.
Before we consider the merits, we must first address the jurisdictional question raised by this petition, since there may be some doubt as to whether or not petitioner invoked this Court’s jurisdiction. The following dates are pertinent to this discussion:
November 16, 1983 Court of Civil Appeals affirmed dismissal of appeal and issued opinion.
November 18 Coughlin filed application for rehearing.
December 9 Court of Civil Appeals issued substituted pages for pages two and three of original opinion.
December 14 Application for rehearing denied without opinion.
December 16 Coughlin filed second application for rehearing. No action was taken.
January 3, 1984 Coughlin petitioned this Court for relief.
*20 The Board of Equalization contends that this Court is without jurisdiction and would have us dismiss the writ for Cough-lin’s failure to timely file his petition.
The petitioner argues in support of finding jurisdiction that the changes made by the Court of Civil Appeals, when it issued substituted pages for pages two and three of the original opinion, were substantial changes. Thus, he maintains, there should have been a response by that court to the application for rehearing filed on December 14, and that, therefore, his petition to this Court was timely.
Rule 40, Alabama Rules of Appellate Procedure, reads in pertinent part:
“No second application for rehearing will be considered unless the rehearing reversed or substantially modified the original opinion of the court.”
In applying Rule 40 to the present facts, we conclude that the petitioner was correct. When the Court of Civil Appeals issued substituted pages for pages two and three of its opinion released November 16, the changes were substantial. Although technically these changes were not made in response to his application for rehearing, they were made after petitioner’s application was filed and prior to the overruling of this application without opinion. It appears likely that the needed changes were brought to light by petitioner’s application and, in finding these changes substantial, clearly we have adhered to the spirit of Rule 40.
The Board of Equalization contends that the changes referred to were merely corrections of typographical errors and consisted of the insertion of the word “double” in two places. We cannot agree, because we find that this seemingly minor change does in fact have an impact on the reasoning. The opinion by the Court of Civil Appeals turned on whether or not petitioner had complied with § 40-3-25, which reads in pertinent part:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs.... When an appeal is taken, the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year before the same becomes delinquent; and, upon failure to do so, the court upon motion ex mero motu must dismiss the appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of taxes_” (Emphasis added.)
The opinion stated:
“At the time Coughlin filed notice of appeal from the Board’s final decision, he had not paid the taxes due and he did not file a supersedeas bond in double the amount of taxes due. The failure by Coughlin to comply with section 40-3-25, Code 1975, mandated a dismissal of his appeal by the circuit court....”
The original opinion clearly demonstrated petitioner's failure to comply with § 40-3-25, where on page two it stated:
“In support of his notice of appeal, Coughlin tendered to the clerk of the circuit court a cash bond in the amount of $218.98, which was equal to the amount of taxes due.”
Later, on page three, it stated:
“Coughlin attempted to post a cash bond in the amount of taxes due....”
Petitioner would have been in compliance with the statute, however, according to the changes made in the opinion on page two, “which was equal to double the amount of taxes due,” and on page three, “in double the amount of taxes due.” Thus, the changes would be substantial with respect to whether or not petitioner had complied with this part of the statute. In our view, the petitioner’s application for rehearing filed on December 14 should have prompt *21 ed a response; thus petitioner is properly before this Court.
Having established jurisdiction, we now address the merits. In affirming the judgment of the Court of Civil Appeals, we wish to make it clear that if the only point of contention was whether a cash bond tendered in double the amount of taxes due would suffice to perfect an appeal under § 40-3-25, we would have no question that it would suffice. However, in this case there was a stipulation added to the petitioner’s offer to tender the cash bond. The record shows that testimony presented during the hearing on the motion to dismiss was clearly in dispute as to the events that took place in the circuit court clerk’s office on March 15, 1983.
Petitioner arid Mrs. Betty L. Coughlin, petitioner’s mother, testified at the hearing that, although petitioner first insisted that his cash bond be placed in an interest bearing account with the interest payable to him, he later offered to withdraw this stipulation. They contend that Coughlin offered to tender the cash bond without restrictions and that the clerk refused to accept it under any circumstances.
Testimony by the circuit clerk, assistant circuit clerk, and circuit court bailiff directly contradicted petitioner’s claims, thus creating a factual dispute. They stated that Coughlin insisted that his money be placed in an interest bearing account with interest payable to him, and that the clerk refused to accept the cash bond under those circumstances. They contend that following a discussion Coughlin left the office, with no further attempt to tender the cash bond.
There was further dispute on petitioner’s claim that the clerk insisted on a surety bond from petitioner. Again, petitioner and Mrs. Coughlin stated that the clerk refused the cash bond and insisted on a surety bond. The clerk, assistant clerk, and bailiff testified that petitioner was told that no surety bond was required, that a cash bond would be acceptable, but not with the stipulations set out by petitioner.
In an ore terms proceeding, a trial court has wide discretion, and there is a strong presumption of correctness in its findings. These findings will not be disturbed on appeal unless they are unsupported by the evidence or found to be clearly erroneous and against the great weight of the evidence. Stallworth v. First National Bank of Mobile, 432 So.2d 1222 (Ala.1983); Davis v. Thomaston, 420 So.2d 82 (Ala.1982); Shepherd Realty Co., Inc. v. Winn-Dixie Montgomery, Inc., 418 So.2d 871 (Ala.1982). The record in this case supports the trial court’s findings that petitioner failed to comply with § 40-3-25 in perfecting his appeal. Accordingly, the Court of Civil Appeals was correct when it ruled that Coughlin’s failure to perfect his appeal by either paying the taxes due or filing a supersedeas bond (either by cash or surety bond) ⅛ compliance with § 40-3-25 mandated a dismissal of his appeal.
For the reasons stated, the judgment of the Court of Civil Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, EMBRY and ADAMS, JJ., concur.
FAULKNER, SHORES and BEATTY, JJ., concur in part and dissent in part.
TORBERT, C.J., dissents.