SHAW, Justice.
The Shelby County Board of Equalization (“the Board”) petitions this Court for a writ of mandamus, or, in the alternative, a writ of prohibition, directing the Shelby Circuit Court to dismiss as untimely an appeal filed by Central Shelby LTD. (“Central Shelby”) challenging a final ad valorem tax assessment issued by the Board. We grant the petition for the writ of mandamus and issue the writ.

Facts and Procedural History

In response to Central Shelby’s objection to the Board’s 2013 assessed value of real property owned by Central Shelby, the Board, on May 29, 2013, entered a final ad valorem assessment. On June 18, 2013, Central Shelby, pursuant to §§ 40-3-24 *2 and -25, Ala.Code 1975, electronically filed, in the Shelby Circuit Court, its notice of appeal from that decision.
On July 3, 2013, the clerk of the Shelby Circuit Court mailed a copy of the notice of appeal to the Board, which received the notice on July 8, 2013. Thereafter, the Board moved to dismiss the appeal on the ground that Central Shelby had not filed with the secretary of the Board its notice of appeal within 30 days of the final assessment as, the Board contended, § 40-3-25 requires. The trial court, without stating the findings on which its decision was based, denied the Board’s motion. In response, the Board filed the present petition alleging that, as a result of the alleged untimely notice to it of Central Shelby’s appeal, the trial court lacked subject-matter jurisdiction over the underlying appeal. We subsequently ordered answers and briefs.

Standard of Review

“The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.” Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003). A writ of mandamus will be issued where there is
“ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’”
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249(Ala.2004).”
Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala.2004).

Discussion

Section 40-3-25 provides, in pertinent part:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs.... ”
(Emphasis added.)
The Board maintains that, pursuant to § 40-3-25, a taxpayer, in order to timely challenge a final tax assessment, must file a notice of appeal with both the secretary of the Board and the clerk of the circuit court within 30 days of the final assessment being challenged. No notice of appeal was filed by Central Shelby with the secretary of the Board; although the Board received a copy of the notice from the Shelby Circuit Court clerk, that notice was not mailed to or received by the Board until after the 30-day period had elapsed. On the other hand, Central Shelby counters that its timely filing of its notice of appeal with the circuit clerk was sufficient to invoke the trial court’s subject-matter jurisdiction even though the Board indisputably did not receive “notice” of Central Shelby’s appeal within 30 days of the date of the final assessment. It further contends that because the statutory requirement of “notice” to the Board appears in a separate sentence, the 30-day time frame for taking the appeal does not apply to the notice to the Board.
This Court has stated that, in applying a Code section:
*3 “' ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’
“Blue Cross & Blue Shield, v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)); see also Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n, 589 So.2d 687, 689 (Ala.1991); Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm’n, 524 So.2d 357, 360 (Ala. 1988); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984); Dumas Bros. Mfg. Co. v. Southern Guar. Ins. Co., 431 So.2d 534, 536 (Ala.1983); Town of Loxley v. Rosinton Water, Sewer, & Fire Protection Auth., Inc., 376 So.2d 705, 708 (Ala.1979). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).”
DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998).
The initial sentence of § 40-3-25 clearly establishes a 30-day time frame for appealing the Board’s final assessment to the circuit court. The sentence that follows provides that, in order to perfect the appeal, the requisite notice of appeal must be filed with both the Board and with the circuit clerk. In light of the plain language of the Code section, this Court finds persuasive the Board’s reliance on the analysis of the Court of Civil Appeals in State v. Crenshaw, 47 Ala.App. 3, 249 So.2d 617 (1970), in which, in considering the identical language of the predecessor statute to § 40-3-25, that court explained:
“[A] taxpayer may perfect an appeal from a final assessment of the Board so long as he files, within thirty days, a notice of appeal with the Secretary of the Board and Clerk of the Circuit Court, a bond for costs, and, either files a supersedeas bond, or pays the taxes based on the prior year’s assessment. Such a construction would require that all of these procedures would have to be complied with at the same time for the appeal to be perfected.”
47 Ala.App. at 5, 249 So.2d at 619. See, e.g., Ex parte State Dep’t of Revenue, 102 So.3d 396, 398-99 (Ala.Civ.App.2012) (interpreting a similar provision in § 40-2A-9(g), Ala.Code 1975, as “requiring] the party appealing from [an administrative law judge’s] order to file a notice of appeal with both the [Alabama Department of Revenue’s Administrative Law Division] and the circuit court within 30 days of the entry of the ... order”); State Dep’t of Revenue v. Welding Eng’g & Supply Co., 452 So.2d 1340, 1342 (Ala.Civ.App.1984) (concluding that former § 40-2-22, Ala. Code 1975, which provided for taxpayer appeals from assessments by the department of revenue, “clearly provides that a timely filing of a notice of appeal with the secretary of the department is one of the prerequisites which must be met by a taxpayer in order to perfect an appeal to the circuit court from the department’s final *4 tax assessments,” that such filing “is a jurisdictional requirement, and [that] there must be compliance with it before a circuit court has jurisdiction over the subject matter,” and stating that, “if such a notice of appeal is not filed with the secretary of the department within thirty days from the entry of the final tax assessment, the taxpayer’s appeal to the circuit court should be dismissed”).
Central Shelby argues that it properly invoked the trial court’s jurisdiction by taking the underlying appeal to the appropriate circuit court within 30 days of the challenged final assessment. But that is not what § 40-3-25 or the foregoing authorities require. Central Shelby faults the circuit clerk for her alleged untimely mailing of the notice of appeal to the secretary of the Board. However, the Code section clearly charges the appealing taxpayer with the responsibility of filing the notice of appeal with the secretary of the Board.
“The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time prescribed by the statute.” Denson v. First Nat’l Bank, 276 Ala. 146, 148, 159 So.2d 849, 850 (1964). See also Canoe Creek Corp. v. Calhoun Cnty. Bd. of Equalization, 668 So.2d 826, 827-28 (Ala.Civ.App.1995) (finding, where the appeal bond required by § 40-3-25 was not filed within the 30-day period, that the appeal of a final tax assessment to the circuit court was not perfected); Welding Eng’g, 452 So.2d at 1342-43 (‘When the legislature has prescribed the means and method of perfecting an appeal from a tax assessment to the circuit court, that procedure must be followed.”); Coughlin v. State, 455 So.2d 17, 18 (Ala.Civ.App.1983), aff'd, 455 So.2d 18 (Ala.1984) (“The rule is that the right to appeal in a tax proceeding is a. right conferred by statute and must be exercised in the manner and within the time required by the statute.”); State v. Colonial Refrigerated Transp., Inc., 48 Ala.App. 46, 50, 261 So.2d 767, 770 (Ala.Civ.App.1971) (same). Here, § 40-3-25 plainly prescribes that a notice of appeal from a final assessment of the Board must be filed with both the circuit court and the secretary of the Board within 30 days; clearly, both did not occur in this case.
As a result of Central Shelby’s failure to comply with the provisions of § 40-3-25, its appeal was not perfected and the trial court’s jurisdiction was never invoked. Therefore, the appeal was due to be dismissed as the Board requested. Because the trial court did not acquire jurisdiction over the appeal, we grant the Board’s petition and direct the trial court (1) to vacate its order denying the Board’s motion to dismiss and (2) to dismiss Central Shelby’s appeal as untimely filed.
PETITION GRANTED; WRIT ISSUED.
STUART, PARKER, MAIN, and WISE, JJ., concur.