PER CURIAM.
Target Corporation (“Target”) appeals from a judgment of the Jefferson Circuit Court (“the trial court”) dismissing Target’s appeal of final ad valorem tax assessments made by the Jefferson County Board of Equalization (“the Board”). We hold that Target did not comply with the requirements to perfect an appeal and, therefore, that the trial court properly dismissed Target’s appeal.
This case involves a challenge to the Board’s final assessments of the value, for ad valorem tax purposes, of two parcels of real property owned by Target in Truss-ville, upon which Target operates a retail store. On August 28, 2013, the Board entered final assessments of the value of the two parcels in the amount of $8,194,500 and $8,699,100, respectively. Section 40-3-25, Ala.Code 1975, provides, in pertinent part:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs, and the taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor within 10 days after the appeal is taken.”
Because the Board’s final assessments were entered on August 28, 2013, Target was required to perfect its appeal by September 27, 2013. On September 27, 2013, *1007 Target filed a notice of appeal in the trial court. It is further undisputed that, on that same date, Target mailed a copy of its notice of appeal addressed to the “Secretary of the Jefferson County Board of Equalization” via certified mail with the United States Postal Service,' with return receipt requested. That copy, postmarked September 27, 2013, was received by an employee of the Board who signed for the certified-mail receipt on October 1, 2013.
On September 18, 2014, the Board filed a motion to dismiss Target’s appeal in the trial court, arguing that Target had not fully complied with § 40-3-25 because it had failed to file its notice of appeal with the secretary of the Board within 30 days of the entry of the Board’s final assessments. Target argued in response that, because a copy of its notice of appeal had been mailed to the Board via certified mail, with return receipt requested, on September 27, 2013, it had timely perfected its appeal pursuant to the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975. Section 41 — 22—20(d), Ala.Code 1975, a part of the AAPA, provides, in pertinent part:
“The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review. Copies of the petition shall be served upon the agency and all parties of record.... Any notice required herein which is mailed by the petitioner, certified mail.return receipt requested, shall be deemed to have been filed as of the date.it is postmarked. This section shall apply to judicial review from the final order or action of all agencies, and amends the judicial review statutes relating to all agencies to provide a period of 30 days within which to appeal, or to institute judicial review.”
On October 9, 2014, after a hearing on the Board’s motion to dismiss, the trial court entered a judgment dismissing Target’s appeal. Target filed a timely notice of appeal with our supreme court. The supreme court entered an order transferring the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The material facts are not disputed, and the question before us requires the application of law to those facts; accordingly, our review is de novo. Wehle v. Bradley, 195 So.3d 928, 934 (Ala.2015) (“Appellate review of questions of law, as well as whether the trial court has properly applied that law to a given set of facts, is de novo.”).
■ On appeal, Target argues that the provisions of the AAPA apply to actions for judicial review of final assessments of value rendered by boards of equalization and that its appeal was properly and timely perfected because it complied with those provisions. The AAPA defines an “agency” as:
“Every board, bureau, commission, department, officer, or other administra-tive- office or unit of the state, including the Alabama Department of Environmental Management, other than the Legislature and its agencies, the Alabama State Port Authority, the courts, the Alabama Public Service Commission, or the State Banking Department, whose administrative procedures are governed by Sections 5-2A-8 and 5-2A-9[, Ala.Code 1975]. The term shall not include boards of trustees of postsecond-ary institutions, boards of plans administered by public pension systems, counties, municipalities, or any agencies of local governmental units, unless they are expressly made subject to this chapter by general or special law.”
§ 41-22-3(1), Ala.Code 1975. Target argues that the Board is an administrative office or unit of the state; therefore, it says, the AAPA governs the method of *1008 appeal in this case. For the following reasons, we reject that argument,
“The right of appeal in tax proceedings is a right conferred by statute and must, be exercised in the mode and within the time prescribed by the statute.” Denson v. First Nat’l Bank of Birmingham, 276 Ala. 146, 148, 159 So.2d 849, 850 (1964). Our supreme court has addressed the method of perfecting an appeal from an ad valorem tax assessment. In Ex parte Shelby County Board of Equalization, 159 So.3d 1 (Ala.2014), Central Shelby LTD. filed a notice of appeal- to challenge a final ad valorem tax assessment issued by the Shelby County Board of Equalization (“the Shelby County Board”). Central Shelby properly filed its notice of appeal in the Shelby Circuit Court. However, the Shelby County Board received notice of the appeal when the clerk of the Shelby Circuit Court mailed a copy of the notice to it. The Shelby County Board moved to dismiss the appeal based on Central Shelby’s failure to file a notice, of appeal with the secretary of the Shelby County Board, as required by § 40-3-25.
The Alabama Supreme Court held that “§ 40-3-25 plainly prescribes that a notice of appeal from a final assessment of. the Board must be filed with both the circuit court and the secretary of the Board within 30 days.” Id. at 4 (emphasis added). Because Central Shelby did not comply with § 40-3-25 by filing a notice of appeal with both the Shelby Circuit Court and the secretary of .the Shelby County Board within the time set forth in § 40-3-25, the Alabama Supreme Court held that the appeal to the Shelby Circuit Court was due to be dismissed.
In Lumpkin v. State, 171 So.3d 599 (Ala.2014), the Alabama Supreme Court reiterated that a notice of appeal must be filed with both the circuit court and the secretary of the board of equalization within 30 days to be timely. In Lumpkin, á taxpayer appealed decisions by the Jefferson County Board of Equalization and Adjustments. Id. at 599. The issue in that case involved whether the requirement for payment of security for 'costs set out in § 40-3-25 is jurisdictional and, therefore, must be met to perfect' an appeal. Id. at 601. In holding that such payment was required, the supreme court reiterated its holding in Ex parte Shelby County Board of Equalization that all the requirements of § 40-3-25 must be timely met in order to properly invoke the circuit court’s jurisdiction. Id. at 609.
Similarly, in this case, 'although Target mailed a copy of its notice of appeal to the Board on the day the notice was due, the Board did not receive the notice within 30-days as set out in § 40-3-25. Because we conclude that the terms of § 40-3-25 — not the AAPA — control the method of Target’s appeal from the Board’s decision, Target was required to timely satisfy the requirements of § 40-3-25 to perfect its appeal. Furthermore, Target makes no argument that the language in § 40-3-25 can be construed as allowing a copy of a notice of appeal to be mailed or ■postmarked on or before the time prescribed by the statute, thereby constituting a timely filing of the notice of appeal.
Because Target has failed to demonstrate that the trial court erred in dismissing its appeal, the judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
DONALDSON, J., dissents, with writing.