THOMAS, Judge.
On May 31, 2016, the Shelby County Board of Equalization ("the Board") issued its final ad valorem tax assessment ("the assessment") on real property owned by The Shoals Mill Development, Ltd. ("Shoals Mill"). Shoals Mill filed a notice of appeal from the assessment with the Shelby Circuit Court ("the trial court") on June 22, 2016; Shoals Mill posted the required bond and requested that the Shelby Circuit Clerk ("the clerk") serve the notice of appeal on the secretary of the Board by certified mail. See Ala. Code 1975, § 40-3-25. The clerk sent the notice of appeal, addressed to the secretary of the Board, by certified mail on June 28, 2016. The secretary of the Board received the notice of appeal on July 1, 2016.
On September 30, 2016, the Board moved to dismiss Shoals Mill's appeal. In its motion and the accompanying brief in support of the motion, the Board argued that Shoals Mill had failed to satisfy the requirements of § 40-3-25 because the notice of appeal had not been filed with the secretary of the Board within 30 days of the assessment. Shoals Mill responded to the motion to dismiss, arguing that, pursuant to Ala. Code 1975, § 40-1-45, the timely mailing of the notice of appeal to the secretary of the Board satisfied the requirement of timely filing of the notice of appeal. After a hearing, the trial court, on December 2, 2016, entered a judgment dismissing Shoals Mill's appeal.
Shoals Mill timely appealed the trial court's judgment to this court; however, because Shoals Mill's appeal to the trial court challenged the valuation of its property, Shoals Mill's appeal falls within the jurisdiction of our supreme court. See § 40-3-25 ; State v. Tuskegee Univ., 730 So.2d 617, 618 (Ala. 1999) (explaining that, under § 40-3-25, "appeals may be made directly to [our supreme court] only where the valuation of property is at issue"). We transferred the appeal to our supreme court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal, Shoals Mill argues that the trial court erred by dismissing its appeal because, it contends, its notice was timely *1255 filed with the secretary of the Board by virtue of its timely mailing under § 40-1-45. The Board contends, as it did in the trial court, that Shoals Mill did not comply with the requirement of § 40-3-25 that the notice of appeal be "file[d] ... with the secretary of the board of equalization" within 30 days of the assessment. According to the Board, the notice of appeal must be timely received by the secretary of the Board to satisfy § 40-3-25.
The facts underlying this appeal are undisputed, and the issue presented is one "requir[ing] the application of law to those facts; accordingly, our review is de novo." Target Corp. v. Jefferson Cty. Bd. of Equalization, 197 So.3d 1006, 1007 (Ala. Civ. App. 2015). Shoals Mill filed its notice of appeal with the clerk on June 22, 2016, within 30 days of the May 31, 2016, assessment. The clerk mailed the notice of appeal to the secretary of the Board via certified mail on June 28, 2016, within the 30-day appeal period. However, the notice was not received by the secretary of the Board until July 1, 2016, after the expiration of the 30-day appeal period. Thus, we must determine whether, as the Board contends, § 40-3-25 requires that the notice of appeal be received by the secretary of the Board before the expiration of the 30-day appeal period or whether, as Shoals Mill contends, § 40-1-45 operates to make the notice of appeal timely under § 40-3-25 if the notice is timely mailed within the 30-day appeal period but received after the expiration of the period.
" 'The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time prescribed by the statute.' " Ex parte Shelby Cty. Bd. of Equalization, 159 So.3d 1, 4 (Ala. 2014) (quoting Denson v. First Nat'l Bank, 276 Ala. 146, 148, 159 So.2d 849, 850 (1964) ). Because the parties urge different constructions of the statutes at issue in the present case, we must construe § 40-3-25 and § 40-1-45. To do so, we must
" 'ascertain and effectuate legislative intent as expressed in the statute.' Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). 'To ascertain that intent, we must first focus our attention on the language of the [statute], and we must give effect to the intent clearly expressed therein if the language is unambiguous.' City of Millbrook v. Tri-Community Water System, 692 So.2d 866, 867 (Ala. Civ. App. 1997) (citing Hartselle, 460 So.2d at 1223 ). 'Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning.' Hartselle, 460 So.2d at 1223."
Yelverton's, Inc. v. Jefferson Cty., 742 So.2d 1216, 1222 (Ala. Civ. App. 1997).
"Further, it is well established that ' "[s]ections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each." ' New Joy Young Restaurant, Inc. v. State Dep't of Revenue, 667 So.2d 1384 (Ala. Civ. App. 1995) (quoting Locke v. Wheat, 350 So.2d 451, 453 (Ala. 1977) ). Finally, '[this court] recognize[s] that a statute should be construed, if possible, to give effect to every section thereof, and that the legislature should not be deemed to have done a vain and useless thing.' State of Alabama Home Builders Licensure Bd. v. Sowell, 699 So.2d 214 (Ala. Civ. App. 1997)."
State v. Amerada Hess Corp., 788 So.2d 179, 183-84 (Ala. Civ. App. 2000).
An appeal of a tax assessment by a county board of equalization must comply with the requirements of § 40-3-25, which reads, in pertinent part, as follows:
*1256 "All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs ...."
However, § 40-1-45(a) provides that the date of mailing of a document required to be filed under Title 40 ("the revenue code") will be considered the date of filing, provided that the document is mailed within the applicable prescribed period, is actually delivered to the appropriate officer or agency, and meets specified mailing requirements.
Section 40-1-45 reads, in its entirety, as follows:
"(a) General rule.
"(1) Date of delivery. If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of [the revenue code] is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.
"(2) Mailing requirements. This subsection shall apply only if
"a. The postmark date falls within the prescribed period or on or before the prescribed date
"1. For the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or
"2. For making the payment (including any extension granted for making such payment), and
"b. The return, claim, statement, or other document, or payment was, within the time prescribed in paragraph a., deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.
"(b) Postmarks. This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by the Department of Revenue.
"(c) Registered and certified mailing.
"(1) Registered Mail. For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail
"a. Such registration shall be prima facie evidence that the return[,] claim, statement, or other document was delivered to the agency, officer, or office addressed to, and
"b. The date of registration shall be deemed the postmark date.
"(2) Certified Mail. The Department of Revenue is authorized to provide by regulations the extent to which the provisions of subdivision (1) of this subsection with respect to prima facie *1257 evidence of delivery and the postmark date shall apply to certified mail.[1]
"(d) Exceptions. This section shall not apply with respect to
"(1) The filing of a document in, or the making of a payment to[,] any court.
"(2) Currency or other medium of payment unless actually received and accounted for, or
"(3) Returns, claims, statements, or other documents, or payments which are required under any provision of [the revenue code] to be delivered by any method other than by mailing."
(Emphasis added.)
Shoals Mill argues that the language of § 40-1-45 clearly indicates that it applies to nearly every document required to be filed under the revenue code. As Shoals Mill points out, although § 40-1-45(d) provides for certain exceptions, a notice of appeal is not among them. The Board argues that § 40-1-45"does not by its words specifically apply to the filing of a notice of appeal under § 40-3-25." Relying on the principle of ejusdem generis, the Board contends that the fact that the term "other document" in § 40-1-45 follows the words "return, claim, [or] statement," the term "other document" must be limited in meaning to those documents similar to a return, a claim, or a statement. See Ex parte Emerald Mountain Expressway Bridge, L.L.C., 856 So.2d 834, 842 (Ala. 2003) (quoting Lambert v. Wilcox Cty. Comm'n, 623 So.2d 727, 731 (Ala. 1993) ) ("The principle of 'ejusdem generis' provides that 'general words, following the enumeration of particular classes of persons or things, are construed to apply only to persons or things of the same general nature or class as those specifically enumerated.' "). A notice of appeal, the Board contends, is not like a return, a claim, or a statement, because, the Board says, the purpose of a notice of appeal is to "quicken the jurisdiction of a circuit court to review an ad valorem property tax valuation." Thus, the Board reasons, a notice of appeal, being unlike a "return, claim, [or] statement," cannot be an "other document."
We cannot agree with the Board that the term "other document" excludes notices of appeal. Section 40-1-45(d) provides those items that are exempted from the operation of the statute, and that section does not exempt notices of appeal. If the legislature desired to exempt notices of appeal, it could easily have done so. Moreover, the applicable sentence of § 40-1-45(a)(1) does not merely recite that the statute applies to a "return, claim, statement, or other document." The sentence continues after the term "other document" to specifically provide that the aforementioned items be ones "required to be filed ... within a prescribed period or on or before a prescribed date under authority of any provision of [the revenue code]." Thus, the term "other document" is not merely a general term in a list of more specific ones, but a specific term, referring to documents "required to be filed ... under authority of any provision of [the revenue code]." A notice of appeal fits squarely within this definition. Accordingly, we reject the Board's contention that § 40-1-45 does not apply to notices of appeal filed under § 40-3-25.
The Board further contends that certain caselaw supports its argument that the *1258 provisions of § 40-1-45 do not apply to a notice of appeal and that § 40-3-25 requires that the notice of appeal be received within the 30-day appeal period in order for it to be timely filed with the secretary of the Board. The Board relies primarily on this court's decision in Target Corporation. In Target Corporation, we considered an appeal from the judgment of a circuit court dismissing an appeal from an ad valorem tax assessment filed by Target Corporation ("Target") based on the circuit court's conclusion that Target's notice of appeal had not been timely filed with the secretary of the board of equalization. Target Corp., 197 So.3d at 1007. The assessments at issue had been entered on August 28, 2013, so Target's notice of appeal was required to have been filed with the circuit court and the secretary of the board by September 27, 2012. Id. at 1006. Target filed its notice of appeal in the circuit court on September 27, 2013; it mailed the notice of appeal to the secretary of the board via certified mail on that same date. Id. at 1007. The notice of appeal was received by the board on October 1, 2013. Id.
The board moved to dismiss Target's appeal in the circuit court, arguing that Target's notice of appeal had not been filed with the board within 30 days of the entry of the assessments. Id. Target argued that "it had timely perfected its appeal pursuant to the Alabama Administrative Procedure Act ('the AAPA'), §§ 41-22-1 et seq., Ala. Code 1975," which provides that " '[a]ny notice required herein which is mailed by the petitioner, certified mail return receipt requested, shall be deemed to have been filed as of the date it is postmarked.' " Target Corp., 197 So.3d at 1007 (quoting Ala. Code 1975, § 41-22-20(d) ). After a hearing, the circuit court dismissed Target's appeal, and Target sought appellate review. Id.
We determined that Target's appeal of the ad valorem tax assessments was governed by § 40-3-25 and not by the provisions of the AAPA. Id. at 1008. Based on our conclusion that the provisions of the AAPA were not applicable to Target's appeal, we determined that Target had not demonstrated that the trial court had erred in dismissing its appeal as untimely under § 40-3-25. Id. We specifically noted, however, that "Target makes no argument that the language in § 40-3-25 can be construed as allowing a copy of a notice of appeal to be mailed or postmarked on or before the time prescribed by the statute, thereby constituting a timely filing of the notice of appeal." Id.
As Shoals Mill points out, we were not presented in Target Corporation with the precise argument that Shoals Mill makes in the present appeal. We did not decide in Target Corporation whether a notice of appeal mailed or postmarked within the 30-day appeal period complies with the requirement that a notice of appeal be filed within 30 days of the assessment as required by § 40-3-25, and we were not presented with an argument that § 40-1-45 provided that the timely mailing of a document required to be filed under the revenue code is equivalent to timely filing that document. Thus, we are not convinced that Target Corporation requires an affirmance of the dismissal of Shoals Mill's appeal.
The Board also relies on Ex parte Shelby County Board of Equalization as support for its argument that a notice of appeal must be timely received by the secretary of the Board in order to satisfy § 40-3-25. In Ex parte Shelby County, our supreme court issued a writ of mandamus directing the trial court to dismiss an appeal from an ad valorem tax assessment because the notice of appeal had not been timely filed with the secretary of the *1259 Board as required by § 40-3-25. Ex parteShelby Cty., 159 So.3d at 4. The tax assessment at issue in Ex parte Shelby County concerned property owned by Central Shelby, LTD ("the company"), and had been entered by the Board on May 29, 2013. Id. at 1. The company filed its notice of appeal with the circuit court on June 18, 2013. Id. at 1-2. However, the circuit clerk did not serve the secretary of the Board by mail until July 3, 2013, after the expiration of the 30-day appeal period. Id. at 2. Thus, the Board moved to dismiss the company's appeal. Id. The circuit court denied the motion to dismiss, and the Board filed a petition for the writ of mandamus. Id.
Our supreme court explained that " § 40-3-25 plainly prescribes that a notice of appeal from a final assessment of the Board must be filed with both the circuit court and the secretary of the Board within 30 days." Id. at 4. Because the company had not timely filed its notice of appeal with the secretary of the Board, our supreme court concluded that the circuit court should have dismissed the company's appeal. Id. Notably, our supreme court stated that "although the Board received a copy of the notice from the Shelby Circuit Court clerk, that notice was not mailed to or received by the Board until after the 30-day period had elapsed," indicating that our supreme court was aware of the provisions of § 40-1-45. Id. at 2. Our supreme court rejected the company's attempt to deflect fault onto the circuit clerk for its untimely mailing of the notice of appeal, explaining that § 40-3-25"clearly charges the appealing taxpayer with the responsibility of filing the notice of appeal with the secretary of the Board." Id. at 4. However, we do not read the opinion as preventing the appealing party from relying on the circuit clerk for service of the notice of appeal, provided, of course, that the notice of appeal is timely mailed.
The facts of Ex parte Shelby County are clearly distinguishable from the facts of the present case. The clerk in the present case mailed the notice of appeal to the secretary of the Board within the 30-day appeal period. The circuit clerk in Ex parte Shelby County did not. We therefore conclude that Ex parte Shelby County does not support the affirmance of the dismissal of Shoals Mill's appeal.[2]
The Board also cites State v. Mann, 653 So.2d 314, 315 (Ala. Civ. App. 1994), in which this court determined that, because a taxpayer had failed to provide proof that the Department of Revenue ("the Department") had received a notice of appeal that the taxpayer alleged had been timely mailed to the Department, the taxpayer's appeal of a final tax assessment to the circuit court should have been dismissed. The taxpayer had presented an affidavit in which she had testified that she had timely mailed the notice of appeal to the Department; however, she presented no proof of mailing and had not used registered or certified mail. Mann, 653 So.2d at 315. The Department denied having received the notice of appeal, and the taxpayer presented no contrary evidence. Id. The opinion in Mann does not refer to § 40-1-45, indicating that its application may not have been argued on appeal. Therefore, we cannot agree with the Board that the decision in *1260 Mann supports a conclusion that § 40-1-45 is not applicable to notices of appeal.[3]
Section 40-1-45, by its plain language, applies to notices of appeal that are required to be filed under any part of the revenue code. Neither Ex parte Shelby County, nor Target Corporation, nor Mann compel a different conclusion. Because the undisputed facts demonstrate that Shoals Mill's notice of appeal was timely mailed to and was received by the secretary of the Board, § 40-1-45(a) operates to make the date of mailing of the notice of appeal the date the notice of appeal was filed with the secretary of the Board. We therefore conclude that the trial court erred in dismissing Shoals Mill's appeal. The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Pittman, Moore, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.

We note that service on the Board was accomplished by certified mail. However, because the Board received the notice of appeal, we need not consider the effect of § 40-1-45(c)(2) or Rule 810-1-5-.01(3)(b), Ala. Admin. Code (Dep't of Revenue), which make the use of certified mail equivalent to the use of registered mail if certain requirements are met.

The Board relies on cases predating the 1985 enactment of § 40-1-45 to further bolster its argument that timely mailing of a notice of appeal is not equivalent to timely filing of a notice of appeal with the secretary of the Board. See, e.g., State Dep't of Revenue v. Welding Eng'g & Supply Co., 452 So.2d 1340 (Ala. Civ. App. 1984) ; Mitchell v. State, 351 So.2d 599 (Ala. Civ. App. 1977) ; and State v. Empire Bldg. Co., 46 Ala.App. 565, 246 So.2d 454 (Civ. App. 1971). However, those cases are not helpful in deciding whether § 40-1-45 applies to notices of appeal under § 40-3-25.

Furthermore, we note that, unless registered or certified mail is used, see § 40-1-45(c)(1) and Rule 810-1-5-.01.(3)(b), Ala. Admin. Code (Dep't of Revenue), the mailing date is considered to be the filing date of a document only if that document is actually received by the proper official or department. See § 40-1-45(a)(1) ("If any ... document required to be filed ... within a prescribed period or on or before a prescribed date under authority of any provision of [the revenue code] is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such ... document is required to be filed ...."(emphasis added)). Because the taxpayer in Mann did not dispute the Department's assertion that it had never received the notice of appeal, which had apparently been mailed by regular mail, § 40-1-45 would not have operated to make the notice of appeal timely.