Rel: June 13, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2025-0013
_____

## Walter F. Scott III

### v.

## Alabama Department of Revenue

## Appeal from Jefferson Circuit Court
### (CV-24-900390)

SELLERS, Justice.

Walter F. Scott III appeals the Jefferson Circuit Court's judgment dismissing his action against the Alabama Department of Revenue ("the Department"), among others. We reverse and remand.

## I.    Facts and Procedural History

The Jefferson County Board of Equalization ("the Board") assesses parcels of land in the county to determine their value for property-tax purposes. See §§ 40-3-9, 40-3-10, and 40-3-16, Ala. Code 1975. If a taxpayer believes the Board's agents have erred in ascertaining the proper value, the taxpayer may file an administrative protest with the Board. See §§ 40-3-19 and 40-3-24, Ala. Code 1975. If the taxpayer still disagrees with the Board's valuation, the taxpayer may then appeal to the circuit court with jurisdiction where the property in question is located. § 40-3-24.

Scott filed a notice of appeal  to the circuit court from the Board's valuation of 176 parcels of real property in Jefferson County ("the tax appeal"). In the  notice of appeal, he identified himself as "Agent for Owners."  In his brief to this Court, Scott alleges that "the underlying 'taxpayer' is Hughes Capital Partners, LLC," that "Hughes Capital is the parent company and taxpayer for each of its subsidiary and affiliated

entities," and that "[t]he subsidiary and affiliated entities are the titled owners of the subject properties." Those allegations, however, do not appear in Scott's notice of appeal filed in the circuit court, and they are not supported by citations to the record. Attached to Scott's notice of appeal in the circuit court is an exhibit listing each parcel of property by parcel number and by "name." The "names" consist almost entirely of legal entities, although there are some individuals identified as well.

The Department, Jefferson County, and the Board (collectively referred to as "the State") moved to dismiss Scott's appeal pursuant to Rule 12(b)(1) and (6), Ala. R. Civ. P. Following a hearing on the motion in August 2024, the circuit court granted the State's motion, concluding that Scott had incorrectly filed the tax appeal and had not paid the necessary filing fees. Specifically, the circuit court reasoned that Scott was improperly "attempting to aggregate 176 separate and distinct parcels of property into one lawsuit for the purpose of appealing tax assessments on each parcel." The circuit court also concluded that "each and every parcel of property for which a tax assessment is appealed requires a separately filed lawsuit accompanied by the appropriate filing

fees." Scott appealed the judgment of dismissal to this Court pursuant to § 40-3-25(d), Ala. Code 1975.

## II.    Standard of Review

The circuit court dismissed the tax appeal pursuant to Rule 12(b)(1), based on a lack of subject-matter jurisdiction. "'We review de novo whether the trial court had subject-matter jurisdiction.'" Taylor v. Paradise Missionary Baptist Church, 242 So. 3d 979, 986 (Ala. 2017) (quoting Solomon v. Liberty Nat'l Life Ins. Co., 953 So. 2d 1211, 1218 (Ala. 2006)). "On appeal, no presumption of correctness is given to a dismissal." Hudson v. Ivey, 383 So. 3d 636, 639 (Ala. 2023).

The question whether Scott has complied with the requirements to appeal the Board's valuations requires us to interpret §§ 40-3-24 and 40-3-25. "We review questions of statutory construction and interpretation de novo, giving no deference to the trial court's conclusions." Pitts v. Gangi, 896 So. 2d 433, 434 (Ala. 2004).

## III.    Discussion

Under § 40-3-24, taxpayers have the right to appeal assessments made by their county's board of equalization. Because the right to appeal a tax decision "'is a right conferred by statute,'" the appeal "'must be

4

exercised in the mode and within the time prescribed by the statute.'"

State v. Golden, 283 Ala. 706, 707-08, 220 So. 2d 893, 894 (1969) (quoting

Denson v. First Nat'l Bank of Birmingham, 276 Ala. 146, 148, 159 So. 2d

849, 850 (1964)).

The Department, the appellee in this Court, avers that Scott did not

comply with § 40-3-24 and that, therefore, the tax appeal was due to be

dismissed. That statute provides:

> "In cases where objection has been made by any taxpayer, his agent or attorney, as provided herein, to the taxable value fixed by the board of equalization on any property assessed against such taxpayer, and such objections have been overruled by said board, such taxpayer, his agent or attorney may take an appeal from the action of said board in overruling his objection to such valuation to the circuit court of the county in which the taxpayer's property is located."

The Department reasons that the use of "any taxpayer" and "any

property" means that an individual taxpayer may appeal the valuation

of only a single property at a time and that Scott is attempting to

represent a variety of entities that are disputing the valuations of

multiple properties.

But nothing in Chapter 3 of Title 40 provides such a limiting

requirement for property-assessment appeals. Sections 40-3-24 through

40-3-27, Ala. Code 1975, the Code sections governing property-assessment appeals, contain no requirement that the dissatisfied taxpayer must appeal from the valuation of each parcel separately. In fact, the plain language of the statutes points toward the opposite conclusion.

"In any case involving statutory construction, our inquiry begins with the language of the statute." Ex parte McCormick, 932 So. 2d 124, 132 (Ala. 2005). The Legislature did not provide a special definition for any of the relevant terms in §§ 40-3-24 and 40-3-25. See § 40-1-1, Ala. Code 1975. Because there is no "clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says." Ex parte State Dep't of Revenue, 683 So. 2d 980, 983 (Ala. 1996); see also Star Athletica, L.L.C. v. Varsity Brands, Inc., 580 U.S. 405, 414 (2017) (quoting Walters v. Metropolitan Educ. Enters., Inc., 519 U.S. 202, 207 (1997)) ("We thus begin and end our inquiry with the text, giving each word its 'ordinary, contemporary, common meaning.'").

6

As noted, § 40-3-24 provides that, "[i]n cases where objection has been made by any taxpayer, his agent or attorney … to the taxable value fixed by the board of equalization on <u>any property</u> assessed against such taxpayer, and such <u>objections</u> have been overruled by said board, such taxpayer, his agent or attorney may take <u>an appeal</u> … to the circuit court …." (Emphasis added.) The Legislature modified the noun "property" with the adjective "any," which is commonly and ordinarily understood to mean "one, some, or all indiscriminately of whatever quantity." <u>Merriam-Webster's Collegiate Dictionary</u> 56 (11th ed. 2020). Therefore, "any property," in the context of § 40-3-24, covers multiple parcels of property, which is also reflected in the use of the plural "objections." Despite the statute's using the plural form regarding parcels of property and objections to the board, § 40-3-24 then uses the singular "an appeal" when describing the taxpayer's request for the circuit court's review.

"[I]t is this Court's responsibility in a case involving statutory construction to give effect to the legislature's intent in enacting a statute when that intent is manifested in the wording of the statute." <u>Ex parte Exxon Mobil Corp.</u>, 926 So. 2d 303, 309 (Ala. 2005). This means that we presume that the Legislature specifically chose each word for a reason.

By using "any property" and "objections," which connote multiple properties and objections, and then using the singular "appeal," the Legislature intended an appeal to the circuit court to be capable of encapsulating multiple challenges to assessments made by a board. Our interpretation of the statute must effectuate that intent. Simply put, contrary to the Department's position, the concept of one appeal by each taxpayer for an assessment of each parcel of property is not supported by statute.

Subsections 40-3-25(a) and 40-3-25(b), which set out the requirements for the appealing taxpayer, also use the singular "appeal." Under § 40-3-25(a), the taxpayer must "file notice of the appeal" and has the right to demand a jury trial "within 10 days after the appeal is taken." Likewise, § 40-3-25(b) requires that the taxpayer pay the taxes due on the contested properties "[w]hen an appeal is taken." The text of the statute does not require one appeal per contested assessment. Rather, the Legislature repeatedly used the singular form of the word "appeal" when discussing the process of appealing to the circuit court. Our analysis of the language of the statute ends when the language is clear. See Ex parte Presse, 554 So. 2d 406, 411 (Ala. 1989) ("If a statute is not

8

ambiguous or unclear, the courts are not authorized to indulge in conjecture as to the intent of the Legislature or to look to consequences of the interpretation of the law as written."). Reading the plain language of the statutes here produces a clear result: a taxpayer is not precluded from including multiple contested assessments in a single appeal to the circuit court.

The Department argues that, because each parcel is inherently unique, the statutes should be read to effectuate that uniqueness so that the assessment of only one parcel can be reviewed per appeal. See International Resorts, Inc. v. Lambert, 350 So. 2d 391, 394 (Ala. 1977); Roberts v. Carroll, 377 So. 2d 944, 946 (Ala. 1979) (plurality opinion) ("It is well settled that land is unique …."). The Department is conflating the sale of real property with the taxation of real property, which involves the process of equalization. In the context of the sale of land, "'a specific tract is unique and impossible of duplication by the use of any amount of money.'" Downing v. Williams, 238 Ala. 551, 554, 191 So. 221, 222-23 (1939) (quoting Restatement (First) of Contracts § 360 cmt. a (Am. L. Inst. 1932)). But equalization is not about the sale of land. Equalization is adjusting "an assessment or tax to create a uniform rate with another."

9

Black's Law Dictionary 676 (12th ed. 2024); see also Brenner v. Banner

Cnty. Bd. of Equalization, 276 Neb. 275, 294, 753 N.W.2d 802, 818 (2008)

("The purpose of equalization of assessments is to bring the assessments

of different parts of a taxing district to the same relative standard, so

that no one of the parts may be compelled to pay a disproportionate part

of the tax."). Both federal and Alabama law require land to be evaluated

as evenly and uniformly as possible and prohibit discriminatory or

favorable assessments by equalization officials. See Cumberland Coal Co.

v. Board of Revision of Tax Assessments in Greene Cnty., Pa., 284 U.S.

23, 28-30 (1931); Hamilton v. Adkins, 250 Ala. 557, 563-64, 35 So. 2d 183,

188-89 (1948). Thus, taxation of land disregards the aberration of the

uniqueness of each parcel of property and attempts a uniform method of

valuation so that each parcel is valued in a similar manner so that ad

valorem taxes can be assessed consistently, equally, and by an objective

standard. Lambert and Roberts, the two cases relied on by the

Department, were both about the sale of land, not the taxation of it. This

proposed interpretation of the statutes is unpersuasive and inconsistent

with our caselaw, which has implicitly allowed circuit courts to hear a

single appeal regarding the assessments of multiple parcels of property.

See Board of Equalization & Adjustment of Shelby Cnty. v. Shelby 39, LLC, 140 So. 3d 941 (Ala. 2013); MBN 500-1200 Bldgs., LLC v. Alabama Dep't of Revenue, [No. SC-2024-0013, Jan. 17, 2025] ___ So. 3d ___, ___ (Ala. 2024) (Cook, J., concurring specially).

Even if this rationale supported the Department's proposed interpretation, it would mean only that the language of §§ 40-3-24 and 40-3-25 is subject to two interpretations. If this was the case, we would still have to rule in favor of Scott because, "[w]here the language of a taxing statute is reasonably capable of two constructions, the interpretation most favorable to the taxpayer must be adopted." Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So. 2d 1219, 1223 (Ala. 1984). This Court has long recognized that "[a] taxing statute is to be strictly construed against the taxing power." State v. Seals Piano Co., 209 Ala. 93, 94, 95 So. 451, 452 (1923). If there was ambiguity in §§ 40-3-24 and 40-3-25, we would be bound to adopt the taxpayer's interpretation. However, the statutes are unambiguous, and we agree with Scott that the language does not mandate one appeal per assessment dispute.

A taxpayer must comply with all the statutorily provided requirements to perfect an appeal of a board's assessment to the circuit court. See Ex parte Shelby Cnty. Bd. of Equalization, 159 So. 3d 1, 4 (Ala. 2014); see also Joseph D. Germany, Appeal of Board of Equalization Valuations, 84 Ala. Law. 152 (2023). However, §§ 40-3-24 and 40-3-25 do not require that a taxpayer appeal each assessment separately. The circuit court erred in dismissing the tax appeal to the extent that it concluded that challenges to the assessments of multiple parcels cannot be consolidated into one appeal.[1]

Moreover, we also note that consolidating challenges to the assessments of multiple parcels into one appeal to the circuit court is also in line with "the liberal joinder allowed by the Alabama Rules of Civil Procedure." Weil v. Lammon, 503 So. 2d 830, 832 (Ala. 1987). Under Rule 18(a), Ala. R. Civ. P., "[a] party asserting a claim to relief … may join, either as independent or as alternative claims, as many claims either

---

[1]The Department also argues that the circuit court lacked jurisdiction over the challenges to the assessments of 175 of the 176 parcels because Scott paid only 1 filing fee. Rule 18, Ala. R. Civ. P., does not require a plaintiff to pay a filing fee for each separate claim brought. We rejected that argument in Cathedral of Faith Baptist Church, Inc. v. Moulton, 373 So. 3d 816, 820 n.3 (Ala. 2022).

legal or equitable, or both, as the party has against an opposing party."
The Committee Comments on 1973 Adoption of Rule 18 cite <u>Atlantic Lumber Corp. v. Southern Pacific Co.</u>, 2 F.R.D. 313 (D. Or. 1941). There, the United States District Court for the District of Oregon, applying Rule 18(a), Fed. R. Civ. P., recognized that, "[w]here the claims are against the same defendants, certainly, there can be no misjoinder of claims in a civil action." 2 F.R.D. at 314.[2] That logic applies here. The fact that Scott seeks to contest numerous tax assessments in a single appeal before the circuit court is irrelevant; the same party is litigating against the same opposing party, so the broad scope of Rule 18 allows multiple disputes to be brought in a single action before a circuit court. Similarly, Rule 42(a), Ala. R. Civ. P., permits the circuit court to order a joint hearing or trial when actions share a common question of law or fact, such as the proper formula for equalizing the value of the properties, the relevant issue in the tax appeal. Our rules of civil procedure are intended to foster

---

[2]"Our Rules of Civil Procedure are based upon, and are strikingly similar to, the Federal Rules of Civil Procedure. Because these two sets of Rules are virtually [identical], a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama Rules." <u>Assured Investors Life Ins. Co. v. National Union Assocs., Inc.</u>, 362 So. 2d 228, 231 (Ala. 1978).

efficiency in legal proceedings and should be utilized to reach finality in an expeditious manner.

That said, our rules also recognize that litigating too many issues in a single trial can be impractical. Under Rule 42(b), a trial court may order separate trials within the same lawsuit when a single trial would be prejudicial or inconvenient to the parties. See Ex parte McQueen, 352 So. 2d 1179, 1184-85 (Ala. 2021) (reversing a trial court's order for separate trials because it had failed to make a finding that separate trials were necessary to avoid inconvenience or prejudice). Seeking to litigate 176 property-tax disputes in one trial could raise these concerns. However, the complexity of the issues, by itself, does not mean the issues should be severed and dealt with in multiple trials. See Ex parte Duncan Constr. Co., 460 So. 2d 852, 854 (Ala. 1984) (quoting Lasa per L'Industria del Marmo Soc. per Azioni v. Alexander, 414 F.2d 143, 147 (6th Cir. 1969)) (" 'The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be.' "). Moreover, a trial court cannot sever claims merely because a party might prefer separate trials. See Fox v. Hollar Co., 576 So. 2d 223, 225 (Ala. 1991). Absent a showing of inconvenience or prejudice, multiple issues

between the same parties should be tried together to ensure the efficient functioning of our judicial system. To the extent that the single issue in an appeal from tax assessments is the proper method of valuing property, a circuit court can rule on the formula for the means and method of determining legal valuations, and that formula can be used to assess all the contested parcels, creating a uniform system of appraisal and negating the need to have separate trials to determine a value for each parcel.

## IV.   Conclusion

Because an appeal from a board of equalization's assessment is a statutorily created right, the appealing taxpayer must comply with all the requirements set out in § 40-3-25. That statute, however, does not require a taxpayer to appeal each contested property assessment one at a time. Such a requirement is unsupported by the language of §§ 40-3-24 and 40-3-25, runs counter to our rules of civil procedure's goal of facilitating judicial economy, and would make appealing an erroneous assessment needlessly arduous. Accordingly, to the extent that the circuit court dismissed the tax appeal based on the legal conclusion that

15

a taxpayer cannot contest the assessments of multiple properties in one appeal, we conclude the circuit court erred.

To the extent that Scott alleges that the challenges to the assessments of the multiple parcels of property involved in the tax appeal, which are <u>owned by multiple different owners</u>, necessarily may be the subject of one appeal, we do not answer that question. Although Scott's brief implies that all 176 properties are owned by the same parent entity, the record does not confirm this. Scott's notice of appeal to the circuit court suggests that he is the "owner" or the "agent" for the owner, while his brief to this Court contains different factual assertions. Because this is an appeal from a judgment of dismissal, factual disputes have not been presented and resolved, and the allegations of Scott's complaint must be taken as true. <u>See</u> <u>Smith v. Neil</u>, 20 So. 3d 1271, 1274 (Ala. 2009). It is not within this Court's purview to resolve factual issues. Moreover, the issue whether multiple owners may use a single appeal to contest the assessments of multiple parcels has not been sufficiently explored at this point in the action.[3]

---

[3]Likewise, the issue whether a party can appeal from an assessment of a property owned by a subsidiary or "affiliated" entity has

We reverse the circuit court's judgment to the extent that the circuit court concluded that the tax appeal must be dismissed because, it determined, challenges to the assessments of multiple parcels could not be brought in one appeal. We remand the action for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Stewart, C.J., and Wise, Cook, and Lewis, JJ., concur

---

not been sufficiently addressed, and we do not raise or address this issue sua sponte.